COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Chafin and Decker
Argued at Norfolk, Virginia


ANDREW WALLACE

                                                        OPINION BY
v.      Record No. 1476-14-1                JUDGE WILLIAM G. PETTY
                                                        JULY 28, 2015

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                          Timothy S. Fisher, Judge

            Charles E. Haden for appellant.

            Christopher P. Schandevel, Assistant Attorney General (Mark R.
            Herring, Attorney General, on brief), for appellee.


        Andrew Wallace entered a conditional guilty plea to one count of indecent liberties with a

child in violation of Code § 18.2-370.1.  Wallace now appeals the denial of his pretrial motion to

dismiss for lack of a speedy trial.  On appeal, Wallace argues that the trial court erred in denying

his motion to dismiss because the Commonwealth failed to bring him to trial within the period

required by Code § 19.2-243 and the Sixth Amendment of the United States Constitution.  For

the following reasons, we affirm the trial court's ruling.

                                    I.  BACKGROUND

        On August 23, 2012, Wallace was arrested on a warrant charging indecent liberties with a

child.  A preliminary hearing was held on December 5, 2012.  Thereafter, Wallace was

continuously held in custody until the date of his guilty plea.  Wallace was indicted on January

14, 2013.  Trial was set for February 19, 2013.

On February 19, 2013, the trial court granted Wallace's motion to continue the case to docket call on March 11, 2013. On March 7 and April 1, 2013, Wallace wrote letters to the clerk requesting a new attorney. At docket call on March 11, 2013, the trial court set the case for a jury trial on April 22, 2013.

On April 17, 2013, the trial court granted Wallace's attorney's motion to withdraw and appointed a new attorney. On Wallace's motion, the court continued the case to docket call on May 17, 2013.

On June 7, 2013, the trial court granted the Commonwealth's motion to continue the case to August 26, 2013. On June 10, 2013, Wallace wrote to his second attorney asking him to withdraw and to the clerk's office asking for new counsel. He sent another letter to the clerk's office on July 22, 2013. On August 13, 2013, the trial court granted Wallace's motion for new counsel, appointed a third attorney to represent Wallace, and granted Wallace's motion to continue the case until August 26, 2013.

On August 26, 2013, the trial court granted a joint motion to continue the case to the September 9, 2013 docket call because of the appointment of new defense counsel. Again on September 9, 2013, the trial court granted a joint motion to continue the case to the October 14, 2013 docket call. On October 15, 2013, on Wallace's motion, the trial court continued the case and set a trial date of January 14, 2014, because defense counsel needed more time to prepare.

The day before the scheduled trial, the trial court was notified by someone in the Commonwealth's Attorney's office that the assigned prosecutor's child had a medical emergency and the prosecutor was unable to be present for trial. On January 14, 2014, the trial court granted the Commonwealth's motion to continue the case because of the unavailability of the prosecutor handling the case. Another prosecutor told the court that the assigned prosecutor was unavailable because her presence was required at Duke University Hospital where her son

was hospitalized. Wallace objected to the continuance.[1] The trial court continued the case to March 12, 2014.

On January 31, 2014, Wallace's third attorney moved to withdraw. On February 3, 2014, Wallace filed a *pro se* motion to dismiss the charges against him due to a violation of his right to a speedy trial. On February 11, 2014, the trial court granted Wallace's attorney's motion to withdraw, appointed a fourth attorney to represent Wallace, and on Wallace's motion continued the case until the March 10, 2014 docket call.

On March 10, 2014, the court granted a joint motion to continue the case until a jury trial on June 3, 2014.

On March 19 and April 7, 2014, Wallace sent letters to the clerk's office complaining about his fourth attorney and demanding that his case be dismissed for speedy trial violations. On April 18, 2014, the court granted Wallace's fourth attorney's motion to withdraw, appointed a fifth attorney, and on Wallace's motion continued the case to June 3, 2014.

On April 25, 2014, the trial court granted a joint motion for a continuance until docket call on June 9, 2014 because of the unavailability of Wallace's attorney for the June 3 trial.

On May 16, 2014, on Wallace's motion, the court continued the case to trial on August 19, 2014.

On July 28, 2014, Wallace filed a motion to dismiss for statutory and constitutional speedy trial violations. A hearing on the motion was held on August 5, 2014. Wallace only contested two delays in the record—the time between August 13 and August 26, 2013, and the time following the January 14, 2014 continuance due to the prosecutor's family emergency.

---

[1] Wallace's attorney told the trial court that he had been told the previous Friday by the prosecutor that the case would have to be continued due to a schedule conflict with another jury trial. Although the order reflects that as one reason for the continuance, the trial court added that it was granting the motion as a result of the prosecutor's medical emergency as well. Wallace does not contest either the legitimacy or the urgency of the medical emergency.

The trial court denied Wallace's motion to dismiss. The court determined that the August delay was attributable to Wallace. The court also determined that the January 14, 2014 continuance tolled the speedy trial period because that delay was for a reason similar to those enumerated in Code § 19.2-243. The court held that Wallace was not denied his constitutional right to a speedy trial because his repeated requests for new attorneys were made "intentionally to drag the case out" and the delay was Wallace's own fault. Wallace entered a conditional guilty plea on August 7, 2014. Wallace now appeals.

## II. ANALYSIS

### A. STANDARD OF REVIEW

"'[T]he burden of demonstrating that a delay in commencing trial is excused under Code § 19.2-243 lies upon the Commonwealth.'" Brown v. Commonwealth, 57 Va. App. 381, 389, 702 S.E.2d 582, 586 (2010) (quoting Robinson v. Commonwealth, 28 Va. App. 148, 153, 502 S.E.2d 704, 706 (1998)). "Proper assessment and determination of the merits of a statutory speedy trial claim 'involve a review of the whole record and a consideration of the trial court orders in the context of the record that comes before' the court." Id. at 389-90, 702 S.E.2d at 586 (quoting Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 895 (1993) (en banc)). "In its review, this Court will give deference to the trial court's findings of fact, but review the trial court's 'statutory interpretations and legal conclusions *de novo*.'" Id. at 390, 702 S.E.2d at 586 (quoting Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998)). "'On appeal, constitutional arguments present questions of law that this Court reviews de novo.'" Turner v. Commonwealth, 63 Va. App. 401, 407, 758 S.E.2d 81, 84 (2014) (quoting Crawford v. Commonwealth, 281 Va. 84, 97, 704 S.E.2d 107, 115 (2011)).

- 4 -

Wallace's statutory right to a speedy trial is governed by Code § 19.2-243, which provides in part:

> Where a general district court has found that there is probable cause to believe that an adult has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court . . . .

"The five-month requirement translates 'to 152 and a fraction days.'" Howard v. Commonwealth, 55 Va. App. 417, 423, 686 S.E.2d 537, 540 (2009) (quoting Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995)). The "five-month period begins to run on the day after the preliminary hearing at which cause was found." Robinson, 28 Va. App. at 152, 502 S.E.2d at 706. Any delays attributable to the defendant are subtracted from the total number of days elapsed between the finding of probable cause to the commencement of trial. See id. "If the time calculated exceeds 152 and a fraction days, the defendant 'shall be forever discharged from prosecution for such offenses.'" Id. (quoting Code § 19.2-243).

Furthermore, if the accused is not tried within the period of time specified in the statute, the burden is on the Commonwealth to explain and excuse the delay. Heath v. Commonwealth, 32 Va. App. 176, 181, 526 S.E.2d 798, 800 (2000) (en banc), aff'd, 261 Va. 389, 541 S.E.2d 906 (2001); Brown, 57 Va. App. at 389-90, 702 S.E.2d at 586. The Supreme Court has said that "it is the prosecution which has the responsibility of vindicating society's interests in swift and certain justice." Fowlkes v. Commonwealth, 218 Va. 763, 766, 240 S.E.2d 662, 664 (1978). Thus, to avoid the statutory remedy of discharge from prosecution, "[t]he Commonwealth must prove that the delay was based on 'one of the reasons enumerated in [Code § 19.2-243] or on [the accused's] waiver, actual or implied, of his right to be tried within the designated period.'"

- 5 -

Powell v. Commonwealth, 29 Va. App. 745, 748, 514 S.E.2d 785, 787 (1999) (second and third alterations in original) (quoting Baker v. Commonwealth, 25 Va. App. 19, 22, 486 S.E.2d 111, 113, aff'd on reh'g en banc, 26 Va. App. 175, 493 S.E.2d 687 (1997)).

Code § 19.2-243 enumerates seven excusable reasons for the Commonwealth's "failure to try" the accused within the statutory period. In relevant part, the speedy trial period is tolled when delay is caused:

> 2. By the witnesses for the Commonwealth being enticed or kept away, or prevented from attending by sickness or accident; [or]
>
> *   *   *   *   *   *   *
>
> 4. By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth . . . [.]

Here, the speedy trial period began on December 6, 2012, the day after Wallace's preliminary hearing. Seventy-six days may be counted against the Commonwealth for the period between December 6, 2012 and February 19, 2013, when Wallace moved to continue the case. Additionally, the sixty-seven days between the Commonwealth's motion for a continuance on June 7, 2013 and Wallace's motion for a continuance on August 13, 2013 are counted against the Commonwealth. Thus, the record reveals that a total of 143 days of delay are attributable to the Commonwealth. On appeal, Wallace specifically argues that two additional periods of delay should be attributed to the Commonwealth—the period between August 13 and August 26, 2013, and the period between the Commonwealth's January 14, 2014 motion to continue due to the prosecutor's family emergency and Wallace's February 11, 2014 motion to continue. We disagree and address each of Wallace's claims in turn below.

- 6 -

1. August 13 - August 26, 2013 Delay

Wallace argues that because the Commonwealth made a motion on June 7, 2013, to continue the case until August 26, 2013, the Commonwealth is responsible for that entire period of delay. However, the record reflects that Wallace requested a new attorney and made his own motion for a continuance during this period. On June 10, 2013 and July 22, 2013, Wallace wrote letters to the clerk of court requesting the appointment of new counsel. On August 13, 2013, Wallace's attorney made a motion to withdraw as counsel due to Wallace's dissatisfaction. The court entered an order granting this motion and appointed another attorney to represent Wallace. The same order stated "on motion of the defendant, it is ordered that this matter be continued until August 26, 2013 . . . ." Despite the clear language in the order indicating that the defense made a motion to continue until August 26, 2013, Wallace argues that the Commonwealth is responsible for the entire delay up until August 26, 2013.

Under Code § 19.2-243(4), a period of delay is excused and not attributable to the Commonwealth if the delay is caused "[b]y continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth."

In determining whether the accused or his counsel made, concurred in, or failed to object to a motion for a continuance, we must "confine our review to the record that comes before us." Godfrey v. Commonwealth, 227 Va. 460, 464, 317 S.E.2d 781, 783 (1984). "[T]he burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961). "It is well established in this Commonwealth that a circuit court speaks only through its written orders." Roe v. Commonwealth, 271 Va. 453, 457, 628 S.E.2d 526, 528 (2006). And because "courts act by orders and decrees that become part of the record on appeal,

[c]ontinuances in criminal cases must be documented to enable us to review and evaluate them when they are challenged." Godfrey, 227 Va. at 464, 317 S.E.2d at 783. Furthermore, we must "'consider[] . . . the trial court orders in the context of the record that comes before' the court." Brown, 57 Va. App. at 389-90, 702 S.E.2d at 586 (quoting Baity, 16 Va. App. at 503, 431 S.E.2d at 895).

Here, the trial court's August 13, 2013 order clearly states that the case was continued "on motion of the defendant." Additionally, the August 13 continuance was granted at the same time that Wallace was appointed his third attorney because of his dissatisfaction with his representation. Thereafter, Wallace requested two more attorneys for similar reasons. As the trial court noted, the entire record indicates that Wallace made numerous requests for a new attorney "intentionally to drag the case out."

Nevertheless, Wallace argues that this period of delay should be attributed to the Commonwealth because it was the Commonwealth's June 7 motion that originally continued the case until August 26, 2013. We disagree and hold that Wallace acquiesced in that continuance when he made his own intervening request on August 13, 2013. The Supreme Court addressed a similar argument made by the defendant in Heath v. Commonwealth, 261 Va. 389, 541 S.E.2d 906 (2001). In Heath, the defendant made a motion for a psychiatric evaluation, which implicitly required the circuit court to continue the case to provide time for the evaluation to be conducted. Id. at 393, 541 S.E.2d at 908. The Court decided that the speedy trial clock was tolled for the forty days between the defendant's motion and the filing of the test results with the circuit court. Id. at 393, 541 S.E.2d at 909. The Court held that "[o]ur conclusion is not altered by the fact that Heath's motion for a psychiatric examination was made when no trial date had been fixed and trial of the case had been delayed by the Commonwealth's request[.]" Id.

When Wallace came before the court on August 13 and requested new counsel and requested a continuance until August 26, he effectively joined the Commonwealth's previous motion for a continuance. And in accordance with Heath, that conclusion is not altered by the fact that the case had originally been delayed on the Commonwealth's request. Thus, Wallace shares the responsibility for the delay from August 13 to August 26. Therefore, under Code § 19.2-243(4), the trial court did not err in ruling that those thirteen days of delay cannot be attributed to the Commonwealth.

2. January 14, 2014 Continuance

Next, Wallace contends that the trial court erred in holding that the January 14, 2014 continuance tolled the speedy trial period. Wallace argues that the delay should be attributed to the Commonwealth because the prosecutor's family medical emergency did not fall under one of the enumerated exceptions in Code § 19.2-243 and it was "not a situation beyond the Commonwealth's control because there were approximately twenty other prosecutors in the Newport News Office of the Commonwealth's Attorney who might have filled in for the prosecutor[.]" We disagree.

Although a prosecutor's family emergency is not one of the enumerated reasons for delay in Code § 19.2-243, the Supreme Court has repeatedly held that "the exceptions stated in the statute are not meant to be all-inclusive, and other exceptions of a similar nature are implied." Hudson v. Commonwealth, 267 Va. 36, 41, 591 S.E.2d 679, 682 (2004); see also Moten v. Commonwealth, 7 Va. App. 438, 442, 374 S.E.2d 704, 706 (1988); Cantwell v. Commonwealth, 2 Va. App. 606, 610, 347 S.E.2d 523, 525 (1986).

> "The truth is the statute never meant by its enumeration of exceptions, or excuses for failure to try, to exclude others of a similar nature or in pari ratione; but only to enact if the Commonwealth was in default for three terms without any of the excuses for the failure enumerated in the statute, or such like

- 9 -

> excuses, fairly implicable by the Courts from the reason and spirit
> of the law, the prisoner should be entitled to his discharge."

Stephens v. Commonwealth, 225 Va. 224, 230, 301 S.E.2d 22, 25 (1983) (quoting

Commonwealth v. Adcock, 49 Va. (8 Gratt.) 661, 681 (1851)); see also Wadley v.

Commonwealth, 98 Va. 803, 805, 35 S.E. 452, 453 (1900) ("[I]t would defeat rather than carry

out the purpose of the enactment to give its language [a] narrow and technical meaning.").

Because Code § 19.2-243 is not all-inclusive, judicially recognized exceptions to the time

requirement are permissible as long as they are of a similar nature and have the same rationale as

the enumerated exceptions. See Stephens, 225 Va. at 230, 301 S.E.2d at 25.[2] We have said that

the rationale behind the exceptions in Code § 19.2-243 is to "provide for speedy trial exceptions

in circumstances 'beyond the control of the trial judge and the parties,' when delays are

warranted to 'ensure a fair trial to both the accused and the Commonwealth.'" Schwartz v.

Commonwealth, 45 Va. App. 407, 426, 611 S.E.2d 631, 641 (2005) (quoting Baity, 16 Va. App.

at 502, 431 S.E.2d at 894).

Here, in the absence of express statutory language creating an exception for prosecutors

who must delay trial to attend to a family health emergency, we must consider whether such a

reason is "of a similar nature" and rationale to those enumerated in the statute. The second

exception listed in Code § 19.2-243 is for delay caused "[b]y the witnesses for the

Commonwealth being enticed or kept away, or prevented from attending by sickness or

accident." The prosecutor, like a witness for the Commonwealth, is necessary for the

---

[2] Since the Supreme Court's holding in Stephens, Code § 19.2-243 has been amended by the General Assembly eight times. "'[W]here the General Assembly acts in an area in which this Court has already spoken, it is presumed to know the law as the Court has stated it and to acquiesce therein.'" Scott v. Commonwealth, 58 Va. App. 35, 49, 707 S.E.2d 17, 24 (2011) (quoting Bell v. Commonwealth, 21 Va. App. 693, 699, 467 S.E.2d 289, 292 (1996)). Despite multiple amendments, no action was taken to alter the holding in Stephens, and therefore we presume that the General Assembly intended to allow for judicially recognized exceptions to Code § 19.2-243.

- 10 -

Commonwealth to properly present its case against a defendant. Like a witness, the prosecutor has special knowledge of the legal and factual issues inherent in the case and, like a witness, cannot simply be replaced at a moment's notice. A jury trial cannot go forward in the absence of any of the main participants, and a prepared prosecutor is undoubtedly one of those main participants. When, due to factors beyond his or her control, an assigned prosecutor is unable to be present for trial in a case such as this, a "delay[] [is] warranted to 'ensure a fair trial to both the accused *and the Commonwealth*.'" Schwartz, 45 Va. App. at 426, 611 S.E.2d at 631 (emphasis added). Here, the trial court made a factual finding that the prosecutor could not be present for trial due to a legitimate and serious family medical emergency. While not one of the exceptions specifically set out in Code § 19.2-243, that finding is most certainly an "'excuse[] fairly implacable by the Courts from the reason and spirit of the law.'" Stephens, 225 Va. at 230, 301 S.E.2d at 25 (quoting Adcock, 49 Va. (8 Gratt.) at 681).[3]

Wallace, however, argues that the Commonwealth should have re-assigned the next-day's jury trial to one of "at least twenty other prosecutors" in the office rather than asking for a continuance to allow the assigned prosecutor to try the case. This argument, however, is based on a faulty premise: that prosecutors are interchangeable and can be substituted, one for another, on the eve of trial without adequate preparation.[4]

---

[3] See, e.g., Schwartz, 45 Va. App. at 424, 611 S.E.2d at 640 (exception for investigator's post-surgery recovery time).

[4] We note that as of January 14, 2014, the date of the continuance, the Commonwealth was responsible for 143 days of the delay in the commencement of trial. Thus, the Commonwealth had only nine more days to commence trial in order to do so within the 152-day mandate of Code § 19.2-243. While Wallace objected to continuing the case from the January 14 trial date, he did not argue that a new prosecutor could be prepared for trial by January 23. In fact, Wallace said nothing when the prosecutor represented to the trial court that "[w]e've spoken with Defense Counsel and we've agreed to a date of March 12, 2014." While it is clear that Wallace objected to the continuance being granted, there is nothing in the record to suggest that he objected to the length of the delay. Neither is there anything in the record to suggest that a

The Virginia State Bar Legal Ethics Committee has opined that a prosecutor taking a case to trial without adequate preparation would violate the Rules of Professional Conduct because "[t]he general duties of competence and diligence apply equally to all attorneys licensed to practice in Virginia, including Commonwealth's Attorneys." Va. State Bar Legal Ethics Comm., Op. 1798 (2004) [hereinafter Op. 1798]; see also Yarbrough v. Commonwealth, 258 Va. 347, 361, 519 S.E.2d 602, 608 (1999). "Rule 1.1 [of the Virginia State Bar Rules of Professional Conduct] requires an attorney to provide competent representation for his client; the rule defines 'competent' as including 'the legal knowledge, skill, thoroughness and *preparation* reasonably necessary for the representation.'" Op. 1798 (emphasis added). And, "Rule 1.3 requires an attorney to perform his legal service with diligence and promptness." Id. The Committee recognized that although the Commonwealth is a different type of client, it is entitled to the same high level of competence under the Rules as any other client. Id. While it is true that prosecutors can and, often do, substitute for one another on short notice, they should do so only when they can substitute competently and ethically. An experienced prosecutor may have no trouble competently presenting a relatively uncomplicated prosecution with minimal preparation time. It is quite another thing, however, to expect even the most veteran prosecutor to competently try a sexual assault case such as this, involving an out of state juvenile victim, with one day of preparation.[5] See Va. State Bar Rules of Prof'l Conduct R. 1.1 cmt. 5 ("The required attention and preparation are determined in part by what is at stake; major litigation and complex transactions ordinarily require more elaborate treatment than matters of lesser consequence.").

new prosecutor could have been prepared for trial by January 23, the date that the speedy trial time limit ran out. Therefore, we limit our consideration to the reason for the continuance and do not consider the reasonableness of length of the delay the continuance engendered.

[5] In an unpublished opinion, we dispatched a similar argument by noting that "[n]o principle of law provides a defendant with the right to have an incompetent prosecutor." Tucker v. Commonwealth, No. 1527-12-2, 2013 Va. App. LEXIS 192 (Va. Ct. App. July 2, 2013).

- 12 -

For the reasons stated, we hold that the delay necessitated by the trial court's finding that the prosecutor was unavailable for trial due to a legitimate medical emergency was delay of a "similar nature" to the exceptions enumerated in Code § 19.2-243. Thus, the twenty-eight days of delay between the Commonwealth's January 14 motion and Wallace's intervening February 11 motion should not be attributed to the Commonwealth.

In summary, neither period of delay that Wallace is challenging on appeal is attributable to the Commonwealth. The trial court correctly decided that only 143 days of delay counted against the Commonwealth. This falls within the 152 and a fraction days allowed by Code § 19.2-243, and thus the trial court did not err in determining that Wallace received a trial within the statutory speedy trial period.

C. CONSTITUTIONAL SPEEDY TRIAL CLAIM

Wallace also argues that his right to a speedy trial under the Sixth Amendment to the United States Constitution was violated. We disagree.

"A claim of a violation of speedy trial rights under the federal constitution is resolved by the balancing of four factors—length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant." Howard v. Commonwealth, 281 Va. 455, 462, 706 S.E.2d 885 (2011) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). "'[S]peedy trial claims require a functional analysis of the rights in the context of the particular facts' of a case and, in the 'balancing test,' the 'conduct of both the prosecution and the defendant is examined.'" Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992) (quoting Holliday v. Commonwealth, 3 Va. App. 612, 616, 352 S.E.2d 362, 364 (1987)) (alteration in original).

1. Length of Delay

The first factor evaluated under the Barker analysis is the length of delay. "[A] suspect becomes an 'accused' within the intendment of the Sixth Amendment when he is placed under

- 13 -

arrest." Fowlkes, 218 Va. at 766, 240 S.E.2d at 664; Dillingham v. United States, 423 U.S. 64, 64-65 (1975). Here, the delay between arrest and trial was approximately twenty-three months. "When the delay is so protracted as to be 'presumptively prejudicial,' the first factor becomes a 'triggering mechanism' which necessitates 'inquiry into the other factors that go into the balance.'" Fowlkes, 218 Va. at 766, 240 S.E.2d at 664 (quoting Barker, 407 U.S. at 530). However, "[t]here is no bright line time limit that serves to automatically invoke a defendant's right to exploration of the other factors." Beachem v. Commonwealth, 10 Va. App. 124, 131, 390 S.E.2d 517, 520 (1990). We assume without deciding that the nearly two years of delay in this case triggers further inquiry.

## 2. Reason for Delay

"Once shown that there was a delay that was 'presumptively prejudicial,' the burden 'devolves upon the Commonwealth to show, first, what delay was attributable to the defendant and not to be counted against the Commonwealth and, second, what part of any delay attributable to the prosecution was justifiable.'" Id. at 131-32, 390 S.E.2d at 520 (quoting Fowlkes, 218 Va. at 767, 240 S.E.2d at 664). "It is in consideration of this factor that the intent of the party causing the delay becomes highly relevant." Id. at 132, 390 S.E.2d at 520.

As discussed above, 143 days of delay between the preliminary hearing and trial were non-excusable and attributable to the Commonwealth. We add to those 143 days the 104 days between Wallace's arrest and preliminary hearing because the constitutional speedy trial clock begins at the time of a defendant's arrest. See Fowlkes, 218 Va. at 766, 240 S.E.2d at 664. Thus, for Sixth Amendment purposes, 247 days, or approximately eight months of delay, were caused by the Commonwealth.

The record reflects that the remaining fifteen months of delay were due to Wallace's conduct. Wallace filed numerous *pro se* letters with the court expressing his dissatisfaction with

- 14 -

counsel and demanding new representation. The trial court appointed five different attorneys to represent Wallace during the course of the proceedings. These appointments necessitated further delays to allow new counsel time to prepare a defense. The trial court determined that Wallace had requested multiple attorneys in order to "intentionally drag the case out." We agree that Wallace's lack of cooperation with his numerous attorneys caused a majority of the delay in this case. Wallace's intent to slow the proceedings weighs against his claim that his constitutional rights have been violated. See Moten, 7 Va. App. at 445-46, 374 S.E.2d at 708.

### 3. Assertion of the Right

The third Barker factor involves consideration of whether or not Wallace asserted his right to a speedy trial. See Beachem, 10 Va. App. at 132, 390 S.E.2d at 521. Wallace sent letters to the clerk of court alleging that his right to a speedy trial had been violated on June 10 and July 22, 2013. He also filed *pro se* motions demanding a speedy trial on February 4 and April 7, 2014. And on July 28, 2014, Wallace filed a motion to dismiss for lack of a speedy trial.

Nevertheless, Wallace's actions were not those "of a person seeking to obtain a speedy trial." Beachem, 10 Va. App. at 132, 390 S.E.2d at 521. Wallace undermined his own requests to be brought to trial quickly with his lack of cooperation with numerous defense attorneys. While Wallace asked for a speedy trial, he also filed multiple complaints against his attorneys, requested appointment of new counsel five times, and made several motions for continuances to allow each new attorney time to prepare. Wallace argues that some of his attorneys made these motions for continuances without his consent and ignored his demands to go to trial. However, defense counsel may "request or concur in a continuance without the consent or presence of a defendant and a defendant will be bound by counsel's assent to the delay." Shearer v. Commonwealth, 9 Va. App. 394, 402, 388 S.E.2d 828, 832 (1990); see also Butts v. Commonwealth, 145 Va. 800, 809, 133 S.E. 764, 767 (1926).

Additionally, "[a] continuance can be granted over a defendant's express objection and still be attributable to him if the delay has been necessitated by circumstances caused or brought about by the defendant." Shearer, 9 Va. App. at 402, 388 S.E.2d at 832. Here, Wallace's motions for replacement counsel required the case to be continued so that new counsel had time to confer with Wallace and prepare his defense. See id. at 401-02, 388 S.E.2d at 832. Because Wallace created the circumstances that brought about delay, his "requests for a speedy trial were not such as to indicate that he truly desired to be tried," Beachem, 10 Va. App. at 132, 390 S.E.2d at 521, and therefore this factor also weighs against his claim.

### 4. Prejudice

Lastly, we consider whether Wallace was prejudiced by the delay. The United States Supreme Court has identified three interests to consider when assessing this factor: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last." Barker, 407 U.S. at 532. Wallace asserts that he has been subjected to unnecessary anxiety and concern and that the delay caused him to lose his job. However, as previously discussed, Wallace's actions were not those of someone truly concerned with getting to trial quickly. Furthermore, Wallace does not claim that his defense was impaired by the delay in any way.

Balancing the conduct of the Commonwealth and the defendant in light of these four factors, we conclude that the balance must be struck in the Commonwealth's favor. Because of Wallace's significant role in delaying his own trial, his constitutional speedy trial claim cannot prevail.

## III. CONCLUSION

For the reasons stated above, we find no violation of Wallace's rights under Code

§ 19.2-243 or the Sixth Amendment.  Accordingly, we affirm Wallace's conviction.

<u>Affirmed</u>