COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Decker and O'Brien
Argued at Norfolk, Virginia

DEVIYON MARQUETTE NICHOLS

MEMORANDUM OPINION[*] BY
v.      Record No. 0304-17-1      JUDGE MARY GRACE O'BRIEN
                                  MARCH 20, 2018

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
William S. Moore, Jr., Judge

W. McMillan Powers, Assistant Public Defender, for appellant.

David M. Uberman, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

A jury found Deviyon Marquette Nichols ("appellant") guilty of possession of a firearm by

a convicted felon, in violation of Code § 18.2-308.2.  Appellant contends that the court erred in

denying his motion to suppress statements he made to police, in failing to set his suppression motion

on the day of trial, and in denying his motion to dismiss the indictment based on a speedy trial

violation.  Finding no error, we affirm.

BACKGROUND

On the afternoon of July 13, 2016, Crystal Crawford flagged down Officer Joseph Porter of

the Portsmouth Police Department who was driving through her neighborhood.  Crawford told

Officer Porter that a man in her house refused to leave and "may have [her] gun."  While Officer

Porter waited outside, Crawford confirmed that her gun was missing.

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Officer Porter saw appellant leave Crawford's home through a back door, carrying a laundry basket of clothes. Appellant ran toward a parked car, and Officer Porter followed in his cruiser, without activating his emergency equipment. Officer Porter pulled up to the car, where appellant and Crawford were "yelling back and forth." Appellant was telling Crawford, "You're lying. I don't have your gun . . . It's in the house." Officer Porter asked appellant to step over to him and provide his identification card; appellant complied. Officer Porter explained that Crawford reported that appellant took her gun. He advised appellant, "Listen, nobody is in trouble. If you give me the gun, that can be the end of it. Just give me the gun back." Appellant responded, "Okay, I'll give you the gun."

Appellant told Officer Porter that the gun was inside the car parked next to them, and Officer Porter subsequently recovered a 9mm handgun from the vehicle's glove compartment. Two other officers arrived at that point. One of them, Sergeant Kevin Johnakin, took appellant's identification card to check for any outstanding warrants while Officer Porter reviewed a police database to ensure that the gun was not a stolen weapon. After the officers confirmed that neither Nichols nor Crawford had any outstanding warrants and the gun was "legitimate," Officer Porter walked over to appellant to "cut him loose." He told appellant that the "situation could have really snowballed had you [driven] away with a stolen gun, but we were able to get it back." Officer Porter testified that he "was going to clear it as a disturbance, because [appellant] was returning the property."

Sergeant Johnakin then told Officer Porter that appellant mentioned having a felony conviction. Upon learning this information, Officer Porter handcuffed appellant, placed him in the backseat of his cruiser, and advised him of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). Officer Porter told appellant, "Look, man, you need to be straight up with me; you need to be honest." Appellant responded, "All right. I took the gun, but I wasn't trying to take it. I was

- 2 -

really just trying to hide it. I was going to stash it somewhere or bring it back, but I saw you guys, so I kept it." Officer Porter charged appellant with possession of a firearm by a convicted felon.

Officer Porter testified that, prior to making the arrest, his involvement with appellant lasted approximately twenty minutes. He stated that during the encounter, he maintained a conversational tone of voice and never touched appellant.

Appellant remained in custody pending trial. Following a preliminary hearing on August 19, 2016, the grand jury indicted him on September 1, 2016. Trial was set for December 5, 2016.

On November 23, 2016, appellant filed a motion to suppress his statements and the evidence seized on the day of the incident. Counsel participated in a telephone conference with Judge Kenneth Melvin on November 28. The telephone conference was not recorded, but the parties agreed that during the conference, appellant asked to have his motion to suppress heard on December 5, before proceeding with the trial on the same date. Judge Melvin denied the request, set the suppression hearing for December 5, and told counsel that the trial would be continued on appellant's motion.

On December 5, Judge William Moore heard and denied the suppression motion. Following the ruling, counsel went to the docket clerk to obtain a trial date. Judge Moore entered an order on December 8 containing the following language: "[O]n motion of [the] defense, for good cause shown, it is [o]rdered that the trial of this case be continued from 12/5/16 to March 9, 2017." The order identified "good cause" as follows: "Defense counsel requested suppression to be heard on date of jury trial. Judge Melvin denied [the] request." Appellant's counsel signed the order below a line stating, "I ask for this."

Appellant filed a "Motion to Amend Continuance Order" and a "Motion to Advance Jury Trial Date" on December 13, 2016. At a December 15 hearing, appellant's counsel acknowledged that he did not object to the language in the continuance order and stated, "I have made a number of

- 3 -

what I believe are errors . . . . Specifically, I didn't object strenuously at all to Judge Melvin's direction that the matter be continued and that the continuance be charged to the [d]efendant." Appellant's counsel further stated that he "took actions signing an order continuing the matter to March, and clearly that was without the [d]efendant's knowledge, nor was the [d]efendant aware of the ramifications." He "ask[ed] the [c]ourt to show for the record that the order entered [on December 8] continuing the matter to March is over the [d]efense objection, strenuous objection, to continuing the matter out." The court stated "we'll let this record reflect that the matter was continued over the [d]efense objection, but will be held to run against the [d]efendant, because the reason that the case had to be continued was one of the motions that the [d]efense had filed."

In requesting that the case be advanced from March 9, appellant noted that the speedy-trial period would expire in January, but advised that he was available for trial on February 13. He reiterated that he "would have to object to the continuance into February, because I believe [appellant's] speedy trial rights run in January." Following the hearing, the court entered an order that advanced the trial date from March 9 to February 13.[1]

Appellant subsequently filed a motion to dismiss the indictment on January 27, 2017, claiming a violation of his right to a speedy trial under Code § 19.2-243. The court denied the motion.

DISCUSSION

Appellant asserts the following assignments of error:

1. The trial court erred in denying [appellant's] Motion to Suppress [appellant's] statements to Officer Porter because the statements were made while [appellant] was in custody and he had not been given his <u>Miranda</u> warnings in violation of [appellant's] rights under the Fifth and Fourteenth Amendments to the United States Constitution.

---

[1] The order incorrectly identified the Commonwealth as the movant but on the trial date of February 13, the court entered a "Corrected Order of Amendment of Continuance Order *Nunc Pro Tunc*" noting that "[c]ounsel for the [d]efendant moved for advancement of the jury trial."

- 4 -

2. The trial court erred in denying [appellant's] request to waive the three days between the suppression hearing and trial.

3. The trial court erred in denying [appellant's] Motion to Dismiss Indictment CR16-1080 because [appellant] was not brought to trial within five (5) months from the date probable cause was found in the Portsmouth General District Court in violation of § 19.2-243 of the Code of Virginia of 1950, as amended.

### A. Motion to Suppress

When reviewing a court's denial of a motion to suppress, we consider the evidence introduced at the suppression hearing and at trial, and we view that evidence in the light most favorable to the Commonwealth. Beasley v. Commonwealth, 60 Va. App. 381, 385 n.1, 728 S.E.2d 499, 501 n.1 (2012). In evaluating the court's determination, "we are 'bound by the trial court's findings of historical fact unless "plainly wrong,"' and we 'give due weight to the inferences drawn from those facts' by the trial judge and law enforcement." Salahuddin v. Commonwealth, 67 Va. App. 190, 202, 795 S.E.2d 472, 478 (2017) (quoting McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*)). However, we review *de novo* the court's application of defined legal standards to the particular facts of a case. Shears v. Commonwealth, 23 Va. App. 394, 398, 477 S.E.2d 309, 311 (1996).

Appellant asserts that he was taken into custody "at the beginning of the encounter" with Officer Porter and therefore, any statements that he made to Officer Porter or Sergeant Johnakin were inadmissible. He contends that Officer Porter was required to advise him of his Miranda rights before asking any questions.

The Fifth Amendment to the United States Constitution guarantees that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." In Miranda, the United States Supreme Court applied this constitutional right against self-incrimination to individuals who, while in custody, were subjected to police interrogation. Miranda, 384 U.S. at 478-79.

- 5 -

> Under Miranda, before a suspect in police custody may be questioned by law enforcement officers, the suspect must be warned that he has the right to remain silent, that any statement he makes may be used as evidence against him, and that he has a right to have an attorney, either retained or appointed, present to assist him.

Dixon v. Commonwealth, 270 Va. 34, 39, 613 S.E.2d 398, 400 (2005) (citing Miranda, 384 U.S. at 444). Statements obtained during a custodial interrogation without Miranda warnings "generally will be subject to exclusion for most proof purposes in a criminal trial." Anderson v. Commonwealth, 279 Va. 85, 90-91, 688 S.E.2d 605, 607 (2010) (quoting Dixon, 270 Va. at 39, 613 S.E.2d at 400).

However, "'Miranda warnings' are required only when a suspect is both in custody and subjected to interrogation." Watts v. Commonwealth, 38 Va. App. 206, 214, 562 S.E.2d 699, 703 (2002). The United States Supreme Court has defined custody as a "'formal arrest or restraint on freedom of movement' of the degree associated with formal arrest." Harris v. Commonwealth, 27 Va. App. 554, 564, 500 S.E.2d 257, 262 (1998) (quoting California v. Beheler, 463 U.S. 1121, 1125 (1983)). Circumstances that factor into a determination of whether a suspect is "in custody" include:

> (1) the manner in which the individual is summoned by the police, (2) the familiarity or neutrality of the surroundings, (3) the number of officers present, (4) the degree of physical restraint, (5) the duration and character of the interrogation, and (6) the extent to which the officers' beliefs concerning the potential culpability of the individual being questioned were manifested to the individual.

Id. at 565, 500 S.E.2d at 262. "No single factor is dispositive of the issue." Id. at 566, 500 S.E.2d at 262. See also Oregon v. Mathiason, 429 U.S. 492, 494-96 (1977) (per curiam) (holding that a defendant, told he was a burglary suspect, was not in custody when he gave statements at a police station in a room with a closed door).

Miranda warnings also are not mandated when a person is questioned during a routine traffic stop or investigative stop pursuant to Terry v. Ohio, 392 U.S. 1 (1968). "[I]f there are

- 6 -

articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order *to identify him, to question him briefly, or to detain him briefly, while attempting to obtain additional information.*" Hayes v. Florida, 470 U.S. 811, 816 (1985) (emphasis added). Additionally, Miranda warnings are not required in "general questioning of citizens in the fact-finding process." Pruett v. Commonwealth, 232 Va. 266, 271, 351 S.E.2d 1, 4 (1986) (quoting Miranda, 384 U.S. at 477).

Here, appellant's contention that Officer Porter was required to advise him of his Miranda warnings immediately upon encountering appellant and acquiring his identification card is without merit. The circumstances of this case demonstrate that appellant was not in custody at that time. Officer Porter was alone when he initially approached appellant and made a point of telling appellant "nobody is in trouble." He did not restrain appellant or draw his firearm. Officer Porter testified that he spoke with appellant in a calm, conversational manner and the entire encounter lasted about twenty minutes, a relatively short duration. The encounter occurred in daylight, in a residential neighborhood, near appellant's former girlfriend's residence. Officer Porter testified that he was attempting to locate Crawford's gun, to return it to her. His questioning of appellant was in furtherance of that goal. Because there was no restraint on appellant's freedom of movement to the degree associated with formal arrest, appellant was not in custody for purposes of Miranda when he made his initial statements to Officer Porter. See Harris, 27 Va. App. at 565, 500 S.E.2d at 262 (quoting Beheler, 463 U.S. at 1125).

Any detention of appellant was incidental to the officer's investigation. He was attempting to diffuse the situation and return the weapon to its rightful owner. It was not until Officer Porter learned that appellant was a convicted felon that he arrested appellant and placed him in custody. At that time, he advised appellant of his Miranda warnings, and appellant confessed that he took the gun from Crawford's house so that he could "stash" it somewhere. Because Officer Porter was not

required to issue the <u>Miranda</u> warnings before inquiring about the location of the gun, the court did not err in denying appellant's motion to suppress.

B. Request to Waive the Three Days Between Suppression Motion and Trial

Appellant contends that he was entitled to have both his suppression motion and trial heard on December 5, 2016. Code § 19.2-266.2 addresses the timing of certain defense motions, including a motion to suppress evidence. The statute requires that defendants raise these motions in writing with "notice given to opposing counsel not later than seven days before trial in circuit court." Code § 19.2-266.2(B). Further, "[a] hearing on all such motions shall be held not later than three days prior to trial in circuit court, unless such period is waived by the accused, as set by the trial judge." <u>Id.</u>

In construing statutory language, we conduct a *de novo* review. <u>Cartagena v. Commonwealth</u>, 68 Va. App. 202, 207, 807 S.E.2d 223, 226 (2017). "The primary objective of statutory construction is to determine legislative intent." <u>Phelps v. Commonwealth</u>, 275 Va. 139, 142, 654 S.E.2d 926, 927 (2008). An appellate court interprets a statute "with reference to its subject matter, the object sought to be attained, and the legislative purpose in enacting it." <u>Esteban v. Commonwealth</u>, 266 Va. 605, 609, 587 S.E.2d 523, 526 (2003).

Code § 19.2-266.2 requires criminal defendants to follow certain procedures to assert their constitutional rights. <u>See</u> <u>Arrington v. Commonwealth</u>, 53 Va. App. 635, 639-41, 674 S.E.2d 554, 556 (2009). For example, a defendant may not make a mid-trial motion to suppress or otherwise assert a constitutional violation without abiding by the statute's requirements for writing and filing a motion before trial. <u>See, e.g.</u>, <u>Upchurch v. Commonwealth</u>, 31 Va. App. 48, 53, 521 S.E.2d 290, 292 (1999) (holding that a defendant may not contest probable cause for arrest during trial).

The legislative purpose of Code § 19.2-266.2(B) is not merely to enable a defendant to assert constitutional rights. The statute also serves "legitimate state interests in protecting against

surprise, harassment, and undue delay." Arrington, 53 Va. App. at 640, 674 S.E.2d at 556 (quoting Michigan v. Lucas, 500 U.S. 145, 152-53 (1991)). Additionally, the procedural requirement that a motion to suppress be heard not later than three days before trial allows the Commonwealth to exercise its statutory right to an interlocutory appeal of an adverse decision by the court pursuant to Code § 19.2-398. See Upchurch, 31 Va. App. at 53, 521 S.E.2d at 292 ("The justification for the requirement of a pretrial suppression motion is readily apparent in light of the Commonwealth's limited right to appeal an adverse suppression ruling.").

Appellant contends that the language of Code § 19.2-266.2(B) grants him the unilateral authority to schedule the suppression motion on the day of trial. He is mistaken. In Virginia, "[t]he conduct of the trial is committed to the discretion of the trial court." Watkins v. Commonwealth, 229 Va. 469, 484, 331 S.E.2d 422, 433 (1985). Code § 19.2-266.2(B) not only requires suppression hearings to take place three days before trial, but also states that the hearing is to be "set by the trial judge." Although a defendant may waive the three-day period under Code § 19.2-266.2(B), the ultimate authority for setting the pre-trial hearing rests with the trial judge. Nothing in the statute grants a defendant the right to have a suppression hearing take place on the same day as the trial. Therefore, the court did not err in denying appellant's request to have the matters both heard on the same day.

## C. Speedy Trial

When considering a statutory speedy trial claim, we "give deference to the trial court's findings of fact, but review the trial court's 'statutory interpretations and legal conclusions *de novo.*'" Brown v. Commonwealth, 57 Va. App. 381, 390, 702 S.E.2d 582, 586 (2010) (quoting Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998)). The Commonwealth bears the burden of demonstrating that a delay in commencing trial is excused under Code

§ 19.2-243. Wallace v. Commonwealth, 65 Va. App. 80, 88, 774 S.E.2d 482, 486 (2015), aff'd, 292 Va. 1, 798 S.E.2d 595 (2016).

Code § 19.2-243 provides that an accused who is continuously in custody must be tried for a felony offense within five months from the date of the preliminary hearing in district court. However, the statute also provides certain excusable reasons for the Commonwealth's "failure to try" the accused within the statutory period. The speedy trial period is tolled when delay is caused:

> [b]y continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth.

Code § 19.2-243(4). Delays attributable to a defendant will not be counted in determining whether the Commonwealth complied with the statutory speedy trial mandate. O'Dell v. Commonwealth, 234 Va. 672, 681, 364 S.E.2d 491, 496 (1988).

Appellant's preliminary hearing concluded on August 19, 2016, and the five-month speedy trial requirement began to run the following day. See Wallace, 65 Va. App. at 89, 774 S.E.2d at 486. Barring any delay attributable to appellant, the Commonwealth was required to bring the case to trial by January 19, 2017. Appellant contends that the seventy days between the December 5 motion to suppress and the trial date of February 13 should be charged to the Commonwealth, and therefore, he was not tried within the timeframe specified by Code § 19.2-243.

We disagree. While appellant disputes that he acquiesced to a continuance of the December 5 trial date, his contention is belied by the record. Although the telephone conference call on November 28 was not recorded, the court entered an order on December 8, continuing the case from December 5 to March 9 "[o]n motion of the defense for good cause shown." Appellant's counsel signed the order "I ask for this."

Despite the fact that appellant subsequently moved to advance the trial date and amend the continuance order to reflect his objection, he conceded that he originally did not object to the continuance. Counsel stated, "Specifically, I didn't object strenuously at all to Judge Melvin's direction that the matter be continued and that the continuance be charged to the [d]efendant."

Appellant's counsel also acknowledged that he "took actions signing an order continuing the matter to March, and clearly that was without the [d]efendant's knowledge and nor was the [d]efendant aware of the ramifications." However, appellant's lack of acquiescence in his counsel's motion to continue is immaterial. "Defense counsel may . . . request or concur in a continuance without the consent or presence of a defendant and a defendant will be bound by counsel's assent to the delay." Shearer v. Commonwealth, 9 Va. App. 394, 402, 388 S.E.2d 828, 832 (1990).

Neither the facts of this case nor the law support appellant's position that the Commonwealth should be charged for the delay in bringing the matter to trial. Appellant filed a motion to suppress. When the court denied that motion on December 5, appellant's counsel and the assistant Commonwealth's attorney obtained a March 9 trial date from the docket clerk. There is no record of appellant objecting at the time the matter was continued from December 5 until March 9, and in fact, appellant signed an order requesting the continuance. For these reasons, we find that the court did not err in denying appellant's motion to dismiss the indictment for a speedy trial violation.

CONCLUSION

For the reasons set forth above, we affirm appellant's conviction for possession of a firearm as a convicted felon.

Affirmed.