COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Malveaux and Callins
Argued by videoconference


TREBOR LAMAR BANKS

v.      Record No. 2243-23-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE DOMINIQUE A. CALLINS
MAY 6, 2025


FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
Paul W. Cella, Judge

Preston G. Williams (The Williams Law Firm, PLLC, on brief), for
appellant.

Angelique Rogers, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a jury trial, the Circuit Court of Nottoway County convicted Trebor Lamar Banks

of 3 counts of distributing a controlled substance and sentenced him to 30 years of incarceration

with 25 years and 3 months suspended. On appeal, Banks argues that the trial court erred by

denying his motion to dismiss for a speedy trial violation. Finding no error, we affirm the trial

court's judgment.

BACKGROUND[1]

A grand jury indicted Banks for three charges of distributing drugs in violation of Code

§ 18.2-248(C), and he was arrested for the offenses on September 12, 2022.[2] The trial court

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Meade v. Commonwealth*, 74 Va. App. 796, 802 (2022) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

[2] It is undisputed between the parties that this is when Banks's speedy trial rights began.

appointed counsel for Banks on September 28, 2022, and the matter was continued to November 1, 2022. The record contains no order from a November 1, 2022 hearing.

At a hearing on December 12, 2022, the trial court granted defense counsel's motion for a continuance until February 13, 2023. At a hearing on February 13, 2023, the trial court further continued the case to March 7, 2023, upon joint motion of the parties. At a March 27, 2023 hearing, defense counsel advised the trial court that Banks was unable to elect a bench or jury trial without reviewing the video evidence with his attorney. The trial court ordered that the evidence be produced so that Banks could review it by the end of April 2023. Upon defense counsel's stated motions to dismiss on speedy trial grounds and for bond, the trial court continued the matter to April 10, 2023, for a motions hearing. The trial court ordered that Banks's written motions should be filed at least three days before the motions hearing.

No motions were filed before the April 10, 2023 hearing. Upon the Commonwealth's motion to schedule the case for trial, the defense advised that "they [we]re not able to make an election" between a bench and jury trial because Banks had still not reviewed the video evidence with his attorney. The trial court elected to proceed by a jury trial, and continued the case to May 2, 2023, to schedule the trial.

Banks moved to continue the case, and the trial court entered an order on May 8, 2023, granting his motion. The order, which reflected that Banks was present with his attorney, specified that the case was continued to June 26, 2023, for scheduling Banks's trial. The order further stated: "The delay is chargeable to the defendant from this day until the commencement of the new trial date and constitutes a waiver of his speedy trial rights pursuant to the U.S. Constitution, Virginia Constitution, and Va. Code Section 19.2-243." The order was signed "seen and agreed" by Banks's attorney.

- 2 -

Thereafter, defense counsel moved to withdraw, and the trial court denied defense counsel's motion at a hearing on June 26, 2023. The trial court also continued the case to July 7, 2023, "for the setting of a jury trial."

On August 16, 2023, defense counsel moved to dismiss the charges on statutory speedy trial grounds. Banks, who had been in custody continuously since his September 12, 2022 arrest, maintained that any effective tolling period that began on December 12, 2022, ended on April 10, 2023. He thus claimed that he had not been "tried within the 5 month time period as prescribed by [Code] § 19.2-243" and the charges should be dismissed. In response, the Commonwealth contended that the delay in the proceedings after December 12, 2022, was attributable to Banks through his motions to continue, failure to object to continuances, refusal to elect between a bench or a jury trial, and filing a motion necessitating further delay in the proceedings.

The trial court held a hearing on Banks's motion to dismiss on September 5, 2023.[3] The trial court took the matter under advisement and continued the case for trial on September 11, 2023.

In an opinion letter of September 6, 2023, the trial court denied the motion to dismiss. The trial court reasoned, "Defendant failed to make timely objections, he caused the delay himself by stalling on whether he wanted to waive trial by jury, and the order entered May 8, 2023, says that speedy trial is tolled till the trial date." The trial court further observed that even if the period from April 10 to May 8, 2023, should be charged against the Commonwealth, the five-month period had not run when the trial court held the May 8 hearing, and the order entered that day "tolled speedy trial from that point forward."

---

[3] Banks failed to file a transcript of any pretrial hearing in a timely manner as required by Rule 5A:8. The only pretrial motion hearing transcript that Banks filed was of the September 5, 2023 hearing on his motion to dismiss. But we cannot consider the September 5, 2023 transcript because Banks filed it on March 12, 2024, outside the time limitations of Rule 5A:8, and therefore it is not a part of the record. Rule 5A:8(a) ("The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment.").

In a jury trial on September 11, 2023, a jury found Banks guilty of all three charges. By final order of December 28, 2023, the trial court convicted Banks and sentenced him. Banks appeals.

ANALYSIS

Banks argues that the trial court erred in denying his motion to dismiss and that his trial on September 11, 2023, violated his statutory right to a speedy trial. He asserts that "the tolling of [Banks's] speedy trial ceased on April 10, 2023," and, thus, more than five months had passed by the date of his trial on September 11, 2023.[4] We disagree.

A statutory speedy trial challenge presents a mixed question of law and fact. *Young v. Commonwealth*, 297 Va. 443, 450 (2019). On review, we consider the legal questions de novo and give deference to the trial court's factual findings. *Id.*

Code § 19.2-243 states that "[w]here a district court has found that there is probable cause to believe that an adult has committed a felony" and the defendant "is held continuously in custody thereafter," his trial must commence "within five months from the date such probable cause was found by the district court." "If an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein, the five . . . month[] period[] . . . shall commence to run from the date of his arrest thereon." *Id.* "The five-month requirement translates 'to 152 and a fraction days.'" *Wallace v. Commonwealth*, 65 Va. App. 80, 89 (2015) (quoting *Howard v. Commonwealth*, 55 Va. App. 417, 423 (2009), *aff'd*, 281 Va. 455 (2011)), *aff'd*, 292 Va. 1 (2016).

---

[4] The Commonwealth asserts that Banks failed to provide this Court with a sufficient record to review this issue because he did not timely file transcripts of the pretrial hearings. We disagree, and do not find that the pretrial hearing transcripts are indispensable to our review of the trial court's denial of Banks's motion to dismiss.

"[I]f the accused is not tried within the period of time specified in the statute, the burden is on the Commonwealth to explain and excuse the delay." *Id.* But the statutory speedy trial period is tolled when delay is caused "[b]y continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth." Code § 19.2-243(4). The speedy trial period is also tolled "by the failure of the accused or his counsel to make a timely objection" to a continuance motion by the Commonwealth. *Id.*

Here, Banks was arrested and held in custody from September 12, 2022, through his trial date, thus implicating the five-month speedy trial period under Code § 19.2-243. Although the record contains no explanation or excuse for the delay between that date and December 12, 2022, the Commonwealth concedes that it was *the trial court* that "delayed fixing a trial date after appointing defense counsel." We thus conclude that the three months following Banks's arrest were chargeable to the Commonwealth. *See Ballance v. Commonwealth*, 21 Va. App. 1, 6 (1995) (holding that a defendant's speedy trial rights were not violated but that certain time periods were "chargeable to the Commonwealth" for purposes of Code § 19.2-243).

We agree with Banks's concession that the speedy trial period was tolled from December 12, 2022, to April 10, 2023. During this time, the record reflects that Banks moved for a continuance, made a joint motion for a continuance with the Commonwealth, and could not elect between a trial by judge or jury because he wanted to view the video footage with an attorney, resulting in further continuances. "Code § 19.2-243(4) makes clear that continuances requested or concurred in by a defendant are excepted from the time for computing compliance with bringing an accused to trial." *Shearer v. Commonwealth*, 9 Va. App. 394, 402 (1990). As this Court has acknowledged, "defense counsel may 'request or concur in a continuance without the consent or presence of a defendant and a defendant will be bound by counsel's assent to the

delay.'" *Wallace*, 65 Va. App. at 99 (quoting *Shearer*, 9 Va. App. at 402). Thus, the period from December 12, 2022, to April 10, 2023, is tolled for Banks's speedy trial rights.

We assume without deciding that the speedy trial calculation was not tolled for the 28-day period of delay from April 10 to May 8, 2023. But thereafter, Banks moved to continue the case, and the trial court entered an order on May 8, 2023, granting his motion. The trial court's May 8, 2023 continuance order stated that "[t]he delay is chargeable to the defendant *from this day until the commencement of the new trial date and constitutes a waiver of his speedy trial rights*[.]" (Emphasis added). In Banks's presence, defense counsel signed the order "seen and agreed." Thus, Banks waived any further speedy trial claim after entry of the May 8, 2023 order until his trial date of September 11, 2023. Indeed, the statutory speedy trial period is tolled when the delay is caused "[b]y continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth." Code § 19.2-243(4). Further, "[a] defendant may agree to a general waiver of his or her statutory speedy trial rights, in which instance the accused foregoes his or her rights granted by Code § 19.2-243." *Mitchell v. Commonwealth*, 30 Va. App. 520, 528 (1999).

Combining the time from September 12 to December 12, 2022 (91 days), and April 10 to May 8, 2023 (28 days), the delay in bringing Banks to trial that was not tolled under Code § 19.2-243(4) or waived was, at most, 119 days. Banks therefore did not sustain a violation of his statutory speedy trial right because the delay did not exceed 152 and a fraction days, and the trial court did not err in denying his motion to dismiss.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*