## Richmond

VENSON LEE STEPHENS

V.

COMMONWEALTH OF VIRGINIA

March 11, 1983.

Record No. 820021.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson,* and Stephenson, JJ., and Harrison, Retired Justice.

* Justice Thompson participated in the hearing and decision of this case prior to the effective date of his retirement on March 2, 1983.

*John L. Gregory, III (Young, Haskins, Mann, Gregory & Young, P.C.,* on brief), for appellant.

*Robert H. Anderson, III, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

HARRISON, R.J., delivered the opinion of the Court.

The defendant contends that the lower court should have granted his motion to dismiss all charges against him because of the admitted failure of the Commonwealth to commence his trials within five months from the date of the finding of probable cause on four felony charges and within five months from the date of appeal from his convictions on two misdemeanor charges. Code §§ 19.2-241 and 19.2-243.

On October 19, 1980, Ayer's Sandwich Shop, located in Martinsville, was burglarized, and various articles of personal property were stolen therefrom. On December 5, 1980, a magistrate issued an arrest warrant, charging Venson Lee Stephens with committing the offenses. The warrant was issued upon an affidavit of Detective C. J. Evans, which affidavit reads as follows:

I received information from a person who said that Venson Stephens had talked to him and told him that he had broken into Ayer's Sandwich Shop through the back door and went inside and told him that he did take the Canon desk calculator. This person said he would testify to that fact.

Following his arrest, the defendant agreed that the officers could search the room in which he lived. As a result of this search, articles found there, and certain statements made by the defendant, other warrants were obtained charging him with three additional burglaries and four other larcenies which had occurred in the Martinsville area at various times.

Prior to the preliminary hearings and trials in the General District Court of the City of Martinsville, counsel for defendant made a motion to suppress the evidence in all cases pending against him upon the ground that his arrest was illegal and the evidence obtained as a result thereof was inadmissible. He filed a memorandum in support of the motion. The Commonwealth's Attorney filed a response to the memorandum, and defendant's counsel answered. On March 13, 1981, and March 19, 1981, the district court certified the various felony charges against defendant to the circuit court, and found defendant guilty of two misdemeanors, which he appealed.

On May 4, 1981, a grand jury returned indictments against defendant, and his cases appeared for the first time on the docket of the lower court. Counsel for defendant filed a pretrial motion to suppress the evidence upon the ground previously alleged in the district court. The record shows that a hearing was had on this motion on May 22, 1981, at which time evidence was taken and oral arguments made. At the conclusion of the arguments, the trial judge took the motion under advisement, stating that he would review the file, write an opinion, and get back in touch with the Commonwealth's Attorney and counsel for defendant. The clerk's docket sheet shows the following as having occurred in the case: "Motion to suppress the evidence," and below that the letters, "C-O-N-T."

Audrey Hall, a deputy clerk, was required to monitor each criminal case called in the lower court and to record an appropriate order to fit that case. When asked by the trial judge what her notes indicated as having occurred in defendant's case on May 22, she replied:

My notes indicate that Mr. Gregory made the Motion to suppress the evidence gained by the search and that the Court took the file and stated that he would review the file and write an opinion and get back in touch with Mr. Gregory and the Commonwealth; and Mr. Gregory indicated his agreement to this by nodding or murmuring all right, sir, or something similar.

When asked by the trial judge if her notes indicated "anything about a Continuance," she replied: "Yes sir. I wrote continued after that part."

It further appears that, consistent with the practice usually followed in the clerk's office of the lower court, the deputy clerk thereafter prepared the following order:

In the Circuit Court of the City of Martinsville, this the 22nd Day of May, 1981

INDICTMENT: Break and Enter - 181-23,866
Case C

This day came the Attorney for the Commonwealth as well as the defendant in his proper person and by his Attorney John L. Gregory, who raised the issues of illegal warrant and illegal arrest, and it appearing this case is awaiting a decision by the Court on certain motions, it is ordered this cause be continued.

This typewritten order was then placed in a file, along with numerous other orders showing the court's disposition of criminal cases, and it remained in that file until copied on the order book of the court some time prior to the beginning of its next term. In the instant case, the order was "spread upon" the order book on September 16, 1981.[1]

It is not clear from the record what, if anything, occurred between May 22, 1981, and August 20, 1981, while the court was considering defendant's motion to suppress. It does appear that there was some action in the case on or about July 13, 1981. The judge's recollection was that a brief was to be filed by one of the

---

[1] It was testified that the Martinsville City docket consists of 45 or 60 pages and usually shows from 250 to 300 "or better" cases pending, some new and some continued.

attorneys at that time. Counsel for defendant said that he understood that the court would render its decision on his motion on August 5, 1981, and that the briefs previously submitted to the district court would be relied upon by the parties. The trial judge's recollection was that counsel for defendant was on vacation the day he was supposed to rule on the motion.

On August 20, 1981, counsel for defendant moved to dismiss all cases pending against defendant in the lower court and to discharge Stephens from prosecution for the offenses upon the ground that he had been held continuously in custody without trial for a period of more than five months. On August 25, 1981, the court overruled defendant's motion to suppress the evidence and, in the same order, overruled defendant's motion to dismiss, finding that "the [court's] order of May 22, 1981 in this case properly shows the actions of the Court."

Defendant was tried on the various indictments and warrants on September 24, 1981. He waived trial by jury and introduced no evidence. He was convicted of four charges of statutory burglary, two charges of grand larceny, and two charges of petit larceny, and was sentenced to a total of five years in the penitentiary and thirty-seven months in jail, the jail time to run concurrently.

■ The defendant's right to a speedy trial is one accorded him under the sixth amendment of the United States Constitution and under article I, section 8 of the Virginia Constitution. This right has been supplemented by Code §§ 19.2-241 and 19.2-243,[2] held to be a legislative interpretation of what constitutes a speedy

---

[2] Code § 19.2-243, in pertinent part provides:

Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if there be no trial commenced in the circuit court within five months from the date such probable cause was found by the district court; . . .

*****

The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:

*****

(4) By continuance granted on the motion of the accused, or by his concurrence in such a motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear accordingly to his recognizance.

Code § 19.2-241, in pertinent part, provides:

[W]hen an appeal has been perfected from the conviction of a misdemeanor . . . the accused, if in custody, . . . shall be tried within the time limits fixed in § 19.2-243.

trial. *Flanary v. Commonwealth*, 184 Va. 204, 35 S.E.2d 135 (1945).

 However, the protections granted under these Code sections are not self-operative and may be claimed or waived. *Brooks v. Peyton*, 210 Va. 318, 171 S.E.2d 243 (1969); *Butts v. Commonwealth*, 145 Va. 800, 133 S.E. 764 (1926). Further, we have held that the exceptions in the speedy trial statute are not meant to be all-inclusive, but that others of a similar nature were implied. In *Commonwealth v. Adcock*, 49 Va. (8 Gratt.) 661, 681 (1851), we said:

> The truth is the statute never meant by its enumeration of exceptions, or excuses for failure to try, to exclude others of a similar nature or in pari ratione; but only to enact if the Commonwealth was in default for three terms without any of the excuses for the failure enumerated in the statute, or such like excuses, fairly implicable by the Courts from the reason and spirit of the law, the prisoner should be entitled to his discharge.

In *Wadley v. Commonwealth*, 98 Va. 803, 35 S.E. 452 (1900), a defendant obtained from the federal court an injunction restraining the law officer of the state from proceeding with his trial and prohibiting the use of certain books and records as evidence on behalf of the Commonwealth, thereby causing a delay that he sought to take advantage of. The Court held:

> The contention is that the statute does not enumerate an injunction by a Federal court as one of the causes of delay disentitling the prisoner to his discharge. It may fairly be presumed that the Legislature never contemplated such a cause of delay, and it would defeat, rather than carry out, the purpose of the enactment to give its language the narrow and technical meaning contended for. The sole object was to insure a speedy trial.

98 Va. at 805, 35 S.E. at 453.

To the same effect, see *Knott v. Commonwealth*, 215 Va. 531, 533, 211 S.E.2d 86, 88 (1975), where we reaffirmed *Wadley* and observed: "The General Assembly has enumerated six circumstances which excuse 'the failure to try'. And, as the Common-

wealth says we have held that this enumeration was not intended to exclude other circumstances *in pari ratione.*"

Defendant established, without contradiction, that he had been held continuously in custody and that the five-month time limit had passed without trial. He argues that the burden was on the prosecution to prove excusable delay within the enumerated exceptions in the statute, and cites in support *Flanary, supra; Woodard* v. *Commonwealth*, 214 Va. 495, 201 S.E.2d 785 (1974); *Heflin* v. *Commonwealth*, 211 Va. 407, 177 S.E.2d 644 (1970).

In *Flanary* a defendant's case was continued for more than two years after indictment on motion of the Commonwealth. It was not contended there that the accused agreed to the continuance. In fact neither the defendant nor the Commonwealth had asked for a trial during the interim. In *Woodard* we found that the order granting the continuance contained no suggestion of an agreement by the defendant and that the order spoke for itself. We further rejected the argument of the Attorney General that the failure of the trial judge to appear on the trial date was an excuse similar to those set out in the speedy trial statute. And in *Heflin*, we found no court entry upon the record reflecting any continuance by agreement or anything in the record which suggested any other excuse for the failure to try the defendant.

█ While *Flanary, Woodard* and *Heflin* relied upon by the defendant are distinguishable we have held that while in the orderly administration of justice some delay is unavoidable and some is essential to due process, courts must inquire into the reasons for the delay. We have also held that the burden is on the prosecution to prove excusable delay. In *Fowlkes* v. *Commonwealth*, 218 Va. 763, 766-67, 240 S.E.2d 662, 664 (1978), we said:

> But it is the prosecution which has the responsibility of vindicating society's interests in swift and certain justice; [footnote omitted] it is the prosecution which has the duty of implementing the constitutional guarantee of a speedy trial; it is the prosecution which has ready access to the data concerning delay attributable to law enforcement personnel and court administrators; and when delay is attributable to the defendant, proof of that fact poses little problem for the prosecution. We believe, therefore, that when a defendant challenges the delay as unreasonable, the burden devolves

upon the Commonwealth to show, first, what delay was attributable to the defendant and not to be counted against the Commonwealth and, second, what part of any delay attributable to the prosecution was justifiable.

We must determine here whether the Commonwealth has carried the burden of showing that the delay in bringing Stephens to trial is not attributable to the prosecution but to the defendant. The Commonwealth's Attorney disclaims any responsibility for the delay of the trial of defendant. He insists that at all times he has been ready to try defendant's cases and on one or more occasions asked that trial dates be set. He further stated that on one occasion he tried to initiate plea bargain negotiations but that counsel for defendant objected.

Council for defendant argues that the May 22, 1981 order was never signed or seen by the trial judge until August 25, 1981. He says that prior to filing his motion to dismiss he attempted to find the order in the clerk's office but was unable to do so. He further complains that the May 22 order was not spread upon the order book of the lower court until September 16, 1981, the day his motion to dismiss was argued.

We recognized in *Daley* v. *Commonwealth*, 132 Va. 621, 111 S.E. 111 (1922), that it was not the practice in the state and would not be physically possible for court orders to be recorded immediately or to be signed forthwith by the judge. We observed: "The universal practice is that the clerk extends the orders upon the permanent record of the court just as soon as possible, and they are thereafter read in open court and signed as orders [as] of the date when the judgments were pronounced." 132 Va. at 623, 111 S.E. at 111. The fact that the trial judge did not sign or initial the draft of the order prepared by the deputy clerk is of no consequence. The court acts when it signs the order book which it is required to sign by Code §§ 17-27 and 17-28. No time is specified at which the signing of the order must occur. Code § 17-30 specifically provides that "[s]igning of the individual orders that make up the entire day's proceedings, when such signature is shown in said order book, shall be deemed to be compliance herewith. . . ." While it may not appear affirmatively from the record, there is no indication that the trial judge failed to discharge his administrative duty of signing the order book containing the

May 22 order in accordance with his policy and as required of him by the statute.

The dispositive issue here is whether the order continuing defendant's case to give the trial court an opportunity to study the issues raised by defendant's motion to suppress, and to consider the arguments advanced by counsel, was in fact an "agreed" continuance, "concurred in" by both the defendant and the attorney for the Commonwealth. We decide that it was.

This case cannot be considered in a vacuum. The defendant had been charged with the commission of numerous burglaries and larcenies. His counsel filed a motion to suppress the evidence, alleging that his arrest was illegal and the evidence obtained thereby was inadmissible. An examination of the circumstances surrounding defendant's arrest, including the affidavit upon which the arrest warrant was issued, convinces one that the motion to suppress was by no means a frivolous motion or one wholly without substance. The district judge obviously did not so regard it. He heard argument thereon and apparently invited counsel for the defendant and the Commonwealth's Attorney to submit written memoranda. After some time the district court found probable cause in the felony cases and convicted in certain of the misdemeanor cases. After defendant was indicted and had perfected his appeals in the misdemeanor cases in the court below, defendant again moved that the evidence be suppressed, alleging illegal arrest. Counsel for defendant and the Commonwealth's Attorney argued this motion, and the parties tendered to the trial judge written memoranda. It was then that the trial judge took the case under advisement to study it, consider the briefs, hear the tapes, and otherwise give the motion the attention it deserved in order that he might form and make a considered judgment.

When the defendant filed his motion to suppress he was not asking for a speedy trial. It was an act which necessitated a slow-down of the judicial process. What the defendant desired was favorable action on this motion and dismissal of the prosecution. At that stage, defendant did not seek a trial on the merits of his case but rather a final disposition of the case on his pretrial motion. Obviously he was pinning all his hopes upon the strength of his arguments, oral and written, made to the trial judge in support of his motion to suppress, and he did not want precipitate action. He wanted careful consideration by the court. Although defendant did not make a formal motion for a continuance, he was the mov-

ing party in a proceeding which necessitated the continuance, and he should not be permitted to take advantage of the delay thus occasioned. *See State ex rel. Spadafore* v. *Fox*, 155 W.Va. 674, 680, 186 S.E.2d 833, 836 (1972).

█ It is our conclusion that the continuance granted by order of the lower court on May 22, 1981, was "agreed to" and "concurred in" by both the Commonwealth's Attorney and the defendant and that this is reflected by the order and the record. In view of the gravity of the offenses involved, other circumstances surrounding the case, and the motion to suppress, we cannot say that the period of time taken by the trial court to consider defendant's motion was unreasonable or inordinate. The provisions of Code § 19.2-243 therefore do not apply to such period, and defendant claims no violation of his constitutional right to a speedy trial.

Accordingly, the judgments of conviction appealed from are

*Affirmed.*