nPresent: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and Keenan, JJ., and Whiting, Senior Justice

GROVER ROBBS

v.    Record No. 951973

COMMONWEALTH OF VIRGINIA

OPINION BY
SENIOR JUSTICE HENRY H. WHITING
November 1, 1996

FROM THE COURT OF APPEALS OF VIRGINIA


The issues in this appeal of a criminal conviction are whether the Commonwealth violated either the five or the nine-month provisions of the following speedy trial statute:

> Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court; and if the accused is not held in custody but has been recognized for his appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court within nine months from the date such probable cause was found.

Code § 19.2-243.

After a preliminary hearing on August 4, 1992, the General District Court of Hanover County found probable cause to believe that Grover Robbs committed grand larceny.  A grand jury later indicted Robbs, who was in custody, on that charge.  Before his case was set for trial in the circuit court, Robbs filed a motion on October 6, 1992 to suppress part of the evidence.  This motion was heard and overruled 20 days later.

Thereafter, the case was set for trial on a date within five months of the preliminary hearing.  However, on the day before trial, the court sustained the Commonwealth's motion for a

continuance and the case was rescheduled for trial on February 17, 1993.

Several days later, the Commonwealth realized that Robbs had been continuously confined since his preliminary hearing and that the new trial date was more than five months from that hearing. Accordingly, the Commonwealth made a motion to release Robbs on a recognizance bond returnable on the trial date, which the trial court granted on December 14, 1992. Upon Robbs's failure to appear on the trial date, a capias was issued for his arrest. On March 17, 1993, 26 days later, Robbs was arrested and thereafter confined until he was tried.

Subsequently, the trial court fixed Robbs's grand larceny case for trial on June 7, 1993, more than nine months after the preliminary hearing. Prior to the trial date, Robbs filed a motion "to dismiss the charges against him" on the ground that he had been held in custody for more than five months after his preliminary hearing in violation of Code § 19.2-243. Robbs contended that in computing the five-month period, the additional time he was in custody after his arrest on the capias should be added to the time he was in custody prior to the first trial date. The trial court overruled Robbs's motion and, following a jury trial, Robbs was convicted on the grand larceny charge and sentenced to eight years imprisonment.

On Robbs's appeal to the Court of Appeals, he also argued that his trial was held beyond the nine-month period following

his preliminary hearing, even after crediting the Commonwealth with the 26 days between the date he failed to appear before the trial court and the date he was arrested on the capias. The Commonwealth responded that the trial was held within the nine-month limitation period because it was entitled to an additional credit for the 20 days that elapsed between the date that Robbs filed his motion to suppress and the date the trial court ruled on that motion.

The Court of Appeals affirmed the judgment of the trial court and Robbs appealed to this Court. We granted Robbs a delayed appeal, following our grant of a writ of habeas corpus.

We agree with the Court of Appeals and the Commonwealth that the five-month limitation does not apply in this case. If a statute is clear and unambiguous, we apply the words as written. Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). Here, the five-month limitation would apply only if Robbs had been "continuously in custody," and he had not been in continuous custody since his second arrest began a separate confinement.[*]T Hence, we find no merit in Robbs's contention regarding the alleged violation of the five-months limitation.

---

[*]Our decision makes it unnecessary to decide whether the second period of confinement was upon the capias, as the Commonwealth contends, or upon the original charge, as Robbs contends.

However, we agree with Robbs that the trial was held in violation of the nine-month limitation provision. If the 20-day period measured from the time Robbs made his motion to suppress until the time the trial court ruled on it caused a delay in setting the case for trial, that delay is attributable to Robbs and thus cannot be counted in computing the nine-month limitation period. The Commonwealth has the burden of showing that Robbs's motion and the time taken by the trial court to rule thereon caused such a delay. Stephens v. Commonwealth, 225 Va. 224, 231-32, 301 S.E.2d 22, 26 (1983).

This record shows only that 20 days after the motion was filed, the trial court heard oral argument on the motion and immediately thereafter ruled orally. Nothing in the record shows that "the filing of the motion necessitated a slow-down of the judicial process," Id. at 233, 301 S.E.2d at 26, because (1) the case had not yet been set for trial and the filing of Robbs's motion did not necessitate a continuance of the trial date (as in Stephens) and (2) (unlike the situation in Stephens) the trial judge ruled immediately upon being presented with the motion and forthwith set the case for trial.

Since the record fails to show that the motion delayed the court in setting the case for trial, we conclude that the Court of Appeals erred in affirming the judgment. Accordingly, we will enter an order reversing the judgment, dismissing the indictment, and directing that Robbs be forever discharged from prosecution

-4-

for the offense charged in the indictment.

Reversed and final judgment.

CHIEF JUSTICE CARRICO, with whom JUSTICE COMPTON and JUSTICE STEPHENSON join, concurring in part and dissenting in part.

I would hold that the speedy trial rights of Grover Robbs under Code § 19.2-243 have not been violated. In my opinion, the five-month limitation contained in Code § 19.2-243 has not been violated because Robbs was released on bond within the five-month period and, since his second arrest began a separate confinement, he was not entitled to include the time then spent in custody in computing the five-month limitation.

I do not think the nine-month limitation contained in Code § 19.2-243 has been violated because, in the computation of the nine-month period, the Commonwealth was entitled to have excluded not only the twenty-six day period following Robbs' failure to appear but also the twenty-day period between the filing of Robbs' motion to suppress and the trial court's disposition of the motion. With respect to the twenty-day period, I think Stephens v. Commonwealth, 225 Va. 224, 301 S.E.2d 22 (1983), cited by the majority, is controlling here.

In that case, the defendant burglarized a business and was charged with four felonies and two misdemeanors. He filed a motion to suppress the evidence on the ground that his arrest was illegal. The trial court heard argument on the motion and held it under advisement from May 22, 1981, to August 25, 1981, or for

more than three months.  We held that this delay did not result in a violation of the defendant's speedy trial rights under Code § 19.2–243.  This was the rationale of our decision:

When the defendant filed his motion to suppress he was not asking for a speedy trial.  It was an act which necessitated a slow-down of the judicial process.  What the defendant desired was favorable action on this motion. . . .  [H]e did not want precipitate action.  He wanted careful consideration by the court.  Although defendant did not make a formal motion for a continuance, he was the moving party in a proceeding which necessitated the continuance, and he should not be permitted to take advantage of the delay thus occasioned.

Id. at 233–34, 301 S.E.2d at 27–28.

We concluded with this observation:
In view of the gravity of the offenses involved, other circumstances surrounding the case, and the motion to suppress, we cannot say that the period of time taken by the trial court to consider defendant's motion was unreasonable or inordinate.

Id. at 234, 301 S.E.2d at 28.

While the motion to suppress in Stephens may have been more complex than the motion involved here, justifying the trial court in holding the motion under advisement for more than three months, there is nothing in principle to distinguish the present matter from Stephens.[*]  Indeed, the rationale expressed there

_____

[*]The majority attempts to distinguish the present case from Stephens on two grounds, first, that, here, "the case had not yet been set for trial and the filing of Robbs's motion did not necessitate a continuance of the trial date (as in Stephens)."  But nothing in the Stephens opinion or the record on file in our

–6–

fits this situation like a glove.  Accordingly, I would hold that the twenty-day period which elapsed before the trial court took up and disposed of Robbs' motion to suppress was neither unreasonable nor inordinate and, hence, was excusable.

(..continued)

Clerk's office indicates that a date had been set for Stephens' trial at the time he filed his motion to suppress.  Be that as it may, it was reasonable for the trial court here to delay setting a trial date until Robbs' motion to suppress was disposed of; had the motion been granted, there might not have been any necessity to set a trial date.  Hence, the filing of the motion did cause a slow-down of the judicial process, and the slow-down was attributable to Robbs.  The other ground upon which the majority seeks to distinguish this case from Stephens is that "(unlike the situation in Stephens) the trial judge ruled immediately upon being presented with the motion and forthwith set the case for trial."  However, I fail to see why, and the majority does not say why, that should make any possible difference in the outcome of this case.