*437 CHIEF JUSTICE CARRICO, with whom JUSTICE COMPTON and JUSTICE STEPHENSON
join, concurring in part and dissenting in part.
I would hold that the speedy trial rights of Grover Robbs under Code § 19.2-243 have not been violated. In my opinion, the five-month limitation contained in Code § 19.2-243 has not been violated because Robbs was released on bond within the five-month period and, since his second arrest began a separate confinement, he was not entitled to include the time then spent in custody in computing the five-month limitation.
I do not think the nine-month limitation contained in Code § 19.2-243 has been violated because, in the computation of the nine-month period, the Commonwealth was entitled to have excluded not only the twenty-six day period following Robbs’ failure to appear but also the twenty-day period between the filing of Robbs’ motion to suppress and the trial court’s disposition of the motion. With respect to the twenty-day period, I think Stephens v. Commonwealth, 225 Va. 224, 301 S.E.2d 22 (1983), cited by the majority, is controlling here.
In that case, the defendant burglarized a business and was charged with four felonies and two misdemeanors. He filed a motion to suppress the evidence on the ground that his arrest was illegal. The trial court heard argument on the motion and held it under advisement from May 22, 1981, to August 25, 1981, or for more than three months. We held that this delay did not result in a violation of the defendant’s speedy trial rights under Code § 19.2-243. This was the rationale of our decision:
When the defendant filed his motion to suppress he was not asking for a speedy trial. It was an act which necessitated a slow-down of the judicial process. What the defendant desired was favorable action on this motion. . . . [H]e did not want precipitate action. He wanted careful consideration by the court. Although defendant did not make a formal motion for a continuance, he was the moving party in a proceeding which necessitated the continuance, and he should not be permitted to take advantage of the delay thus occasioned.
Id. at 233-34, 301 S.E.2d at 27-28.
We concluded with this observation:
*438 In view of the gravity of the offenses involved, other circumstances surrounding die case, and the motion to suppress, we cannot say that the period of time taken by the trial court to consider defendant’s motion was unreasonable or inordinate.
Id. at 234, 301 S.E.2d at 28.
While the motion to suppress in Stephens may have been more complex than the motion involved here, justifying the trial court in holding the motion under advisement for more than three months, there is nothing in principle to distinguish the present matter from Stephens* Indeed, the rationale expressed there fits this situation like a glove. Accordingly, I would hold that the twenty-day period which elapsed before the trial court took up and disposed of Robbs’ motion to suppress was neither unreasonable nor inordinate and, hence, was excusable.

 The majority attempts to distinguish the present case from Stephens on two grounds, first, that, here, “the case had not yet been set for trial and the filing of Robbs’s motion did not necessitate a continuance of the trial date (as in Stephens).” But nothing in the Stephens opinion or the record on file in our Clerk’s office indicates that a date had been set for Stephens’ trial at the time he filed his motion to suppress. Be that as it may, it was reasonable for the trial court here to delay setting a trial date until Robbs’ motion to suppress was disposed of; had the motion been granted, there might not have been any necessity to set a trial date. Hence, the filing of the motion did cause a slow-down of the judicial process, and the slow-down was attributable to Robbs. The other ground upon which the majority seeks to distinquish this case from Stephens is that “(unlike the situation in Stephens) the trial judge ruled immediately upon being presented with the motion and forthwith set the case for trial.” However, I fail to see why, and the majority does not say why, that should make any possible difference in the outcome of this case.