COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, O'Brien and AtLee
Argued by teleconference

COMMONWEALTH OF VIRGINIA

v.        Record No. 0104-19-2

ARKEVIS L. VINSON

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
MAY 28, 2019

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Phillip L. Hairston, Judge

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General; A. Anne Lloyd, Assistant Attorney
General, on briefs), for appellant.

Jerald R. Hess, Assistant Public Defender, for appellee.

Appellee Arkevis L. Vinson[1] ("Vinson") was indicted in the Circuit Court of the City of

Richmond (the "circuit court") for robbery, in violation of Code § 18.2-58, and use of a firearm

in the commission of a felony, in violation of Code § 18.2-53.1.  On January 14, 2019, the circuit

court granted Vinson's pre-trial motion to dismiss the indictments for the Commonwealth's

failure to provide him with a speedy trial as required by Code § 19.2-243.  The circuit court

denied the Commonwealth's motion to reconsider.  The Commonwealth filed an interlocutory

appeal of this decision pursuant to Code § 19.2-398(A)(1), arguing the following three

assignments of error:

> I.        The Circuit Court erred in determining that Vinson's failure
>           to object to the setting of the trial date was irrelevant to a

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The name on Vinson's indictment is "Arkevis Vinson," although the Commonwealth's
notice of appeal, as well as an order entered by the circuit court on January 22, 2019, lists the
name as "Akrevis Vinson."  In this opinion, we use the name as listed in the indictment.

determination of whether his speedy trial rights had been violated, asserting there was no precedent to suggest he had a duty to object.

II.     The Circuit Court erred in finding that the holding in Turner v. Commonwealth, 68 Va. App. 72 (2017) (citing Ballance v. Commonwealth, 21 Va. App. 1, 6 (1995)), that "the time elapsing from a finding of probable cause to the initial trial date, even when the defendant concurs in the trial date, is not a continuance under 19.2-243(4)," applied to the facts in Mr. Vinson's case.

III.    The Circuit Court erred in interpreting Turner v. Commonwealth, 68 Va. App. 72 (2017) (citing Commonwealth v. Hutchins, 260 Va. 293 (2000)), and holding "[t]he time between the probable cause determination and the initial trial date only qualifies as a continuance when the Defendant, 'affirmatively agrees without objection to an initial trial date beyond the five-month deadline.'"

## I. BACKGROUND

On June 28, 2018, Vinson appeared in the General District Court of the City of Richmond for a preliminary hearing on the charges of robbery and use of a firearm in the commission of a felony. The general district court found probable cause as to both charges and certified them to the grand jury. On August 6, 2018, the grand jury returned true bills of indictment. On August 22, 2018, Vinson appeared in the circuit court for a bond hearing. The circuit court denied bond and continued the case to "docket call" on September 4, 2018. At the docket call, the circuit court set Vinson's trial for January 22, 2019.

On December 6, 2018, Vinson filed a motion to dismiss the indictments, asserting a speedy trial violation. Vinson argued that the Commonwealth failed to try him within the five-month statutory window mandated by Code § 19.2-243. According to Vinson, that period ended on November 28, 2018. In support of his motion to dismiss, Vinson contended that he "never agreed to a trial date beyond the speedy trial deadline and the Commonwealth has never moved to continue a timely set trial date." Vinson also claimed that "[t]here have been no

- 2 -

communications between the Commonwealth's Attorney's Office and counsel for Mr. Vinson regarding a trial date, an agreement on a trial date, or whether Mr. Vinson is waiving his constitutional and statutory speedy trial rights." Notably, Vinson asserted that he was permitted to stay silent until the speedy trial period expired pursuant to language from this Court's decision in Turner v. Commonwealth, 68 Va. App. 72 (2017).

The Commonwealth filed a response to Vinson's motion to dismiss, arguing that Vinson waived his statutory speedy trial rights. While the Commonwealth agreed that the statutory speedy trial requirement applied, it argued that Vinson agreed to the January 22, 2019 trial date. More specifically, the Commonwealth relied upon this Court's opinion in McCray v. Commonwealth, 44 Va. App. 334 (2004), to argue that Vinson's failure to object to the continuance from September 4, 2018 to January 22, 2019, constituted a waiver of his speedy trial rights.

On January 9, 2019, the parties appeared for an evidentiary hearing on Vinson's motion to dismiss.[2] There, the Commonwealth presented evidence regarding the September 4, 2018 docket call. Although there is no verbatim record of the proceedings of the docket call at which Vinson's case was set for trial, the parties do not contest the evidence regarding the docket call procedures for criminal cases used in this circuit court. Those procedures involve representatives of both the Commonwealth's Attorney's Office and the Public Defender's Office collaborating with representatives of the Clerk of the circuit court and the judicial assistants of each of the judges in the circuit to set each case for trial. While Vinson's attorney, Jerald Hess, did not attend the docket call, another representative from the Public Defender's Office appeared at the

---

[2] The parties previously appeared before the circuit court on December 20, 2018, to argue the Commonwealth's motion to subpoena attorneys from the Public Defender's Office and a judicial assistant. The circuit court took the motion under advisement, but issued an order that same day denying the motion to subpoena "members of the Public Defender's Office, judicial staff, [and] members of the Clerk's Office."

docket call in question. More specifically, the record reflects that "docket call is a date that's set at the beginning of each month where cases are continued to that date as a control date to set for trial, motion, plea, probation violation, whatever it needs to be set for." Furthermore, the general procedure described in the record before us reflects that when the Public Defender's Office represents a defendant, the courtroom clerk calls the case, the assigned judge's judicial assistant offers potential trial dates, and the representative from the Public Defender's Office agrees upon a date. In what the record describes but does not define as "anchor cases," including Vinson's, the Commonwealth does not offer trial dates because those cases are assigned to whichever prosecutor is "handling the court on that particular day[.]"

During the hearing, the Commonwealth also presented a number of exhibits concerning the January 22, 2019 trial date, which the circuit court admitted into evidence. Notably, that evidence included a "Docket Call Order" issued by the circuit court after the docket call. Dated September 12, 2018, the order stated that "the cases on the attached docket shall be set on the determined hearing dates[.]" The attached docket sheet also reflected that Vinson's case was set for a jury trial on January 22, 2019. Neither the docket call order nor the attached docket sheet reflect any objection to the trial date by Vinson or his counsel. Another exhibit, a screenshot of the circuit court's electronic calendar, listed the same jury trial date. Finally, the Commonwealth presented pleadings and e-mail communications that were sent to the Public Defender's Office, which included the January 22, 2019 trial date.

On January 14, 2019, the circuit court issued a memorandum opinion and order dismissing Vinson's indictments on speedy trial grounds. In reaching that decision, the circuit court quoted Turner for two propositions. First, the circuit court quoted the Turner Court's language that "[t]he time elapsing from the finding of probable cause to the initial trial date, even though the accused concurs in the trial date, is not a continuance within the contemplation of

subsection (4) of [Code § 19.2-243], but counts against the Commonwealth in a calculation of compliance." Second, the circuit court emphasized that, pursuant to Turner, "[t]he time between the probable cause determination and the initial trial date only qualifies as a continuance when the Defendant 'affirmatively agrees without objection to an initial trial date beyond the five-month deadline.'" Therefore, the circuit court's opinion identified the pertinent issue as "whether [Vinson] agreed to the trial date of January 22, 2019[,] when it was set at the September docket call."

After briefly recounting the Commonwealth's evidence, the circuit court concluded that the record provided no support for the Commonwealth's contention that Vinson or his counsel agreed or acquiesced to the January 22, 2019 trial date. Furthermore, the circuit court asserted that "there is no precedent to suggest that [Vinson] or [his counsel] had an affirmative duty to object to the setting of a trial date outside of the speedy trial period." The circuit court denied the Commonwealth's subsequent motion to reconsider, but stayed the execution of its order pending this appeal.

## II. ANALYSIS

### A. Standard of Review

The Commonwealth has a very limited right to an appeal in a criminal case. One circumstance that permits it to do so is when indictments are dismissed due to a violation of a defendant's right to a speedy trial. See Code § 19.2-398(A)(1). "[T]he burden of demonstrating that a delay in commencing trial is excused under Code § 19.2-243 lies upon the Commonwealth." Brown v. Commonwealth, 57 Va. App. 381, 389 (2010) (quoting Robinson v. Commonwealth, 28 Va. App. 148, 153 (1998)). In reviewing a statutory speedy trial claim, "this Court will give deference to the trial court's findings of fact, but review the trial court's

- 5 -

'statutory interpretations and legal conclusions *de novo*.'" Wallace v. Commonwealth, 65

Va. App. 80, 88 (2015) (quoting Brown, 57 Va. App. at 390).

B.  Statutory Speedy Trial

The Commonwealth's three assignments of error, considered together, essentially argue

that the circuit court erred in granting Vinson's motion to dismiss because Vinson waived his

speedy trial rights.  Contained within that argument, the Commonwealth asserts that the circuit

court erroneously relied upon our decision in Turner, because the facts in Turner "differ

fundamentally from those present here."  We agree.

Code § 19.2-398(A)(1) provides that, in a felony case, the Commonwealth may appeal

from "[a]n order of a circuit court dismissing a warrant, information or indictment, . . . on the

ground that (i) the defendant was deprived of a speedy trial in violation of the provisions of . . .

[Code] § 19.2-243[.]"  Code § 19.2-243, in turn, provides that for a criminal defendant held

continuously in custody after a preliminary hearing, a trial shall be "commenced in the circuit

court within five months from the date such probable cause was found by the district court[.]"

For purposes of that statute, the five-month period "translates to 152 and a fraction days."

Ballance v. Commonwealth, 21 Va. App. 1, 6 (1995) (citing Moten v. Commonwealth, 7

Va. App. 438, 441 (1988)).  The "five-month period begins to run on the day after the

preliminary hearing at which probable cause is found."  Robinson, 28 Va. App. at 152 (citing

Randolph v. Commonwealth, 22 Va. App. 334, 335 (1996)).  If the Commonwealth does not

commence a trial within 152 and a fraction days, the defendant "shall be forever discharged from

prosecution for such offenses."  Id. (citation omitted); see also Code § 19.2-243.

"The protections granted in Code § 19.2-243 may be waived."  Heath v. Commonwealth,

261 Va. 389, 393 (2001) (citing Stephens v. Commonwealth, 225 Va. 224, 233-34 (1983));

Brooks v. Peyton, 210 Va. 318, 321 (1969)).  "When a defendant requests, agrees to, or

acquiesces in an order that effectively continues a case, the five-month speedy trial period of Code § 19.2-243 is tolled during the time reasonably specified by the court to carry out the terms of its order." Id. (citing Code § 19.2-243(4); Commonwealth v. Hutchins, 260 Va. 293, 297-98 (2000)); see also McCray, 44 Va. App. at 342 (emphasizing that Code § 19.2-243(4) "makes clear that the actions of either 'the accused *or his counsel*' may constitute a waiver of the accused's right to invoke the statute's time limitations" (emphasis added)).

Here, the speedy trial clock began to run the day after Vinson's preliminary hearing, which took place on June 28, 2018. With Vinson held in continuous custody throughout the proceedings, the Commonwealth was required to commence Vinson's trial within five months of that date—152 and a fraction days. It follows that Vinson's speedy trial period expired on November 28, 2018. The circuit court, however, scheduled Vinson's trial on January 22, 2019, a date outside of the speedy trial period. Accordingly, absent a sufficient portion of the time being chargeable to Vinson or tolled, the Commonwealth failed to commence Vinson's trial within the required time period.

In ruling on Vinson's motion to dismiss, the circuit court erroneously framed the sole question before it as whether Vinson agreed or acquiesced to the trial date of January 22, 2019, when that date was set at the September 4, 2018 docket call. That question, however, ignores the explicit language of Code § 19.2-243 and well-settled jurisprudence from this Court and our Supreme Court. The text of Code § 19.2-243 contains several "tolling provisions" that effectively extend the date by which a trial must commence. One such tolling provision is Code § 19.2-243(4),[3] which excuses delays caused

> [b]y continuance granted on the motion of the accused or his
> counsel, or by concurrence of the accused or his counsel in such a

---

[3] In 1995, The General Assembly amended Code § 19.2-243 to include this additional exception. Considering the significance of the inclusion of Code § 19.2-243(4), reliance on pre-1995 cases addressing speedy trial issues is often misplaced.

motion by the attorney for the Commonwealth, *or by the failure of the accused or his counsel to make a timely objection* to such a motion by the attorney for the Commonwealth[.]

(Emphasis added). Interpreting that statute, our Supreme Court has held that "[a] defendant's failure to object to the court's action in fixing the trial date is an acquiescence in the fixing of a trial date beyond the five-month speedy trial period and constitutes a continuance of the trial date under Code § 19.2-243(4)." Heath, 261 Va. at 394 (citing Hutchins, 260 Va. at 297-98). Stated another way, a defendant or his counsel's failure to object when the court fixes "a trial date which is beyond the speedy trial limit, where no trial date has previously been set, is the functional equivalent of failing to object to a continuance requested by the Commonwealth that places the trial date beyond the speedy trial limit." McCray, 44 Va. App. at 342-43 (citing Heath, 261 Va. at 394).

Given such an understanding of Code § 19.2-243 and its tolling provisions, specifically Code § 19.2-243(4), the pertinent question on appeal is not whether Vinson "agreed, acquiesced or remained silent when the case was set" as framed by the circuit court in its memorandum opinion and order. Rather, the appropriate question is whether Vinson waived his right to a speedy trial by failing to *object* to the January 22, 2019 trial date.

We find that Vinson waived his right to a speedy trial by failing to object to the January 22, 2019 trial date following the docket call on September 4, 2018. During the docket call, where Vinson was represented by an attorney from the Public Defender's Office, the circuit court scheduled Vinson's trial for January 22, 2019. The docket call order reflects that date, and no objection is recorded. Vinson's counsel, the Public Defender's Office, shortly thereafter received pleadings and e-mail communications from the Commonwealth, which included the January 22, 2019 trial date and again failed to note any objection. In sum, the record amply proves that neither Vinson nor his counsel objected to the circuit court setting his trial date

- 8 -

beyond the speedy trial limit before filing a motion to dismiss.[4]  Therefore, mindful of the explicit text of Code § 19.2-243 and precedent from this Court and our Supreme Court, we hold that the circuit court erred in granting Vinson's motion to dismiss the indictments.

III.  CONCLUSION

For the foregoing reasons, we conclude that Vinson waived his statutory speedy trial rights.  Accordingly, we reverse the circuit court's judgment and remand the matter to the circuit court for further proceedings consistent with this opinion if the Commonwealth is so advised.

Reversed and remanded.

---

[4] We also note that the circuit court's reliance upon our language in Turner is misplaced and that the circumstances in Turner are easily distinguishable from those here.  In Turner, this Court made the distinction that "the first attempt by the Commonwealth to set a trial date was after the speedy trial clock had run."  Turner, 68 Va. App. at 85.  In the present case, however, the circuit court held the docket call on September 4, 2018—a date well within the statutory speedy trial period—for the purpose of scheduling Vinson's trial for the first time, among other reasons.  The circuit court merely set Vinson's case for trial on a date after the speedy trial period would have run, but for Code § 19.2-243(4) and Vinson's failure to object.