COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Huff, O'Brien and Athey
Argued by videoconference


COMMONWEALTH OF VIRGINIA

                                                MEMORANDUM OPINION* BY
v.        Record No. 0733-23-1                  JUDGE GLEN A. HUFF
                                                NOVEMBER 21, 2023

CAMERON DION DRANE


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Bonnie L. Jones, Judge

Brooke I. Hettig, Assistant Attorney General (Jason S. Miyares,
Attorney General, on briefs), for appellant.

(Joshua A. Goff; Goff Voltin, PLLC, on brief), for appellee.
Appellee submitting on brief.


Pursuant to Code § 19.2-398, the Commonwealth appeals the pretrial ruling of the City of

Hampton Circuit Court (the "trial court") dismissing the charges against Cameron Dion Drane

("appellee") on statutory speedy trial grounds.  The Commonwealth argues that the trial court

erred in not attributing a portion of the total period of delay to appellee, which would have tolled

the speedy trial clock under Code § 19.2-243.  For the following reasons, this Court agrees and

holds that the trial court incorrectly assessed the number of days chargeable to the

Commonwealth.  Accordingly, this Court reverses the trial court's ruling and remands the case

for further proceedings consistent with this opinion.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

# I. BACKGROUND[1]

On September 18, 2022, appellee was arrested and charged with several crimes, including abduction and robbery. Because appellee was 16 years old at that time, the Commonwealth charged him by petition in the City of Hampton Juvenile and Domestic Relations District Court (the "JDR court").[2] The Commonwealth subsequently filed a notice of intent to certify the case and a motion to proceed with a preliminary hearing in accordance with Code § 16.1-269.1(C).[3] Following a finding of probable cause at the preliminary hearing held on November 16, 2022, the JDR court certified all charges to a grand jury in the trial court.[4] The case was scheduled for a first appearance in the trial court on December 16, 2022, and for a bench trial on January 13, 2023.[5]

---

[1] This Court views the facts in the light most favorable to appellee, the prevailing party below, and grants him all reasonable inferences that flow from those facts. *See Green v. Commonwealth*, 65 Va. App. 524, 531 (2015).

[2] The Commonwealth filed petitions charging appellee with abduction (§ 18.2-47), robbery (§ 18.2-58), possession of a machine gun (§ 18.2-289), possession of a firearm on school property (§ 18.2-308.1), possession of a firearm by a juvenile (§ 18.2-308.7), carrying a concealed weapon (§ 18.2-308), and conspiracy to commit robbery (§ 18.2-22/18.2-58).

[3] Under Code § 16.1-269.1(C), when a juvenile who is at least 16 years old is charged with certain enumerated felonies, the Commonwealth may request a preliminary hearing in the JDR court. If the court finds that probable cause supports the felony charge, it "shall certify the charge, and all ancillary charges, to the grand jury," divesting the juvenile court of jurisdiction. Code § 16.1-269.1(D).

[4] On November 18, 2022, appellee was indicted in the trial court on both felony and misdemeanor charges. Pursuant to Code § 19.2-398(A), the Court will review the appeal only insofar as it pertains to the felonies.

[5] To the extent the trial court's findings can be read to hold or imply otherwise, this Court finds such ruling plainly wrong. *See Ali v. Commonwealth*, 75 Va. App. 16, 33 (2022) ("[Factual] findings may not be disturbed unless 'plainly wrong' or 'without evidence to support them.'" (quoting *Wilkins v. Commonwealth*, 292 Va. 2, 7 (2016))). The record contains ample evidence—including the JDR court's certification order and continuing detention order—that the first trial date set in this case was for January 13, 2023. The Commonwealth even "requested a transportation order" for appellee and "subpoenaed twelve witnesses" in anticipation of proceeding to trial on January 13. Furthermore, appellee admits in his brief that a bench trial

Appellee's initial counsel, Hilary Merica, filed a notice purporting to appeal the JDR court's "transfer" of the case to the trial court. It appears from the record that Ms. Merica incorrectly believed she was appealing the result of a transfer hearing under Code § 16.1-269.1(A), rather than the result of a preliminary hearing under Code § 16.1-269.1(C). Nevertheless, a hearing on that appeal was scheduled in the trial court for January 27, 2023, and the January 13 trial date was cancelled.[6] Accordingly, the parties did not appear in the trial court again until January 27, on which date Ms. Merica acknowledged her withdrawal of the appeal and filed a motion to withdraw from the case entirely at appellee's request.

The trial court granted the motion and entered an order appointing a new attorney— Joshua A. Goff—to represent appellee. Because Mr. Goff was not present at the January 27 hearing, the trial court continued the case to February 16, 2023, "for a to-be-set date" so the parties could select a new trial date. Although neither appellee nor his counsel appeared on February 16, the trial court scheduled a bench trial for April 24, 2023. Appellee raised no objection and made no mention of his speedy trial rights until filing a motion to dismiss on April 10, 2023. The trial court conducted a hearing on that motion on April 24. It is undisputed that appellee remained incarcerated between his preliminary hearing on November 16, 2022, and the April 24, 2023 hearing on his motion to dismiss.

_____

was originally scheduled for that date. That the January 13 trial date was cancelled after appellee scheduled a hearing for January 27, merely explains why the January 13 trial date does not appear on the trial court's docket but does not negate the fact that January 13, 2023, was the first scheduled trial date for appellee in this matter.

[6] In the interim, the Commonwealth filed a memo in the trial court noting that Ms. Merica's appeal of the "transfer ruling" did not address an actual ruling of the JDR court. The Commonwealth explained that the JDR court had held a preliminary hearing and certified the case to the trial court pursuant to Code § 16.1-269.1(C), rather than holding a transfer hearing under Code § 16.1-269.1(A). After receiving a copy of that filing, Ms. Merica withdrew her appeal.

At the hearing, appellee argued that the Commonwealth had violated his statutory right to a speedy trial because it had not tried him within five months of his preliminary hearing, as required by Code § 19.2-243. The Commonwealth countered that it had been ready to proceed to trial on January 13, 2023, and cancellation of that date was caused solely by appellee's appeal. In response, appellee asserted that "[t]here was no continuance that was agreed to, . . . there was never a time to object to anything because today was the first trial date when [Goff] became involved in the case." Although the Commonwealth contested appellee's claims, the trial court granted appellee's motion without elaboration and dismissed the charges against him.

The Commonwealth now appeals that ruling.

## II. ANALYSIS

The Commonwealth argues that the trial court erred in granting the appellee's motion to dismiss. Appellee refutes those claims and further contends that this Court should dismiss the appeal based on the Commonwealth's procedural failure to file a notice of filing transcripts, as required by Rule 5A:8 and Code §§ 19.2-405 and -402(B).[7]

### I. The Commonwealth's Failure to File a Notice of Filing Transcripts Does Not Warrant Dismissal of this Appeal

Appellee asserts that the appeal should be dismissed on procedural grounds because the Commonwealth failed to comply with the filing requirements in Rule 5A:8, Code § 19.2-405,

---

[7] Appellee also alleges in his brief that this Court "should not permit the Commonwealth to change the substantive grounds of the assignment of error originally set forth in its petition for appeal, the assignment of error upon which the Court of Appeals granted the Commonwealth's petition for appeal." This Court granted the Commonwealth's motion to amend its assignment of error on September 5, 2023, finding that the "proposed amendment in this case does nothing more than focus the assignment of error more closely on the issues actually argued below and on appeal at the petition stage." As a result, the Commonwealth corrected its initial oversight—referring to appellee's constitutional speedy trial rights—and assigned error to the trial court's ruling on the basis that appellee's statutory speed trial rights had not been violated. This Court finds no reason in the record, nor articulated by appellee, to reconsider its prior ruling, made in accordance with the principles of leniency provided by Rule 1:8 and *Whitt v. Commonwealth*, 61 Va. App. 637, 659 (2013) (en banc).

and Code § 19.2-402(B). Appellee further argues that the appeal should be dismissed because the Commonwealth's noncompliance deprived appellee of any opportunity "to file objections to the transcript[s]." Although the Commonwealth does not dispute its noncompliance, it asserts that the appeal should not be dismissed because appellee has not alleged any actual prejudice. Based on the plain and unambiguous language of the statutes, this Court declines to dismiss the appeal. *See Tanner v. Commonwealth*, 72 Va. App. 86, 99 (2020) ("If the statute is clear on its face, [courts] rely on the plain words, and no interpretation is necessary.").

Pursuant to both Code § 19.2-405 and Rule 5A:8, the Commonwealth must file a notice of filing transcripts with the clerk of the trial court after having filed a transcript or written statement of facts for a pretrial appeal.[8] The Commonwealth failed to do so here despite having filed transcripts for the January 27, 2023 hearing and the April 24, 2023 hearing on May 23, 2023, and then also filing a transcript for the February 16, 2023 hearing on July 5, 2023.[9] Because the Commonwealth never filed a notice of filing of transcripts, as required by Code § 19.2-405, it necessarily failed to timely file its petition for appeal under the provisions of Code § 19.2-402(B).[10] Nevertheless, these statutes include no provision requiring this Court to dismiss the Commonwealth's appeal for this type of noncompliance.

---

[8] Code § 19.2-405, which "applies only to pretrial appeals[,]" provides that "[t]he record on appeal shall conform, as nearly as practicable, to the requirements of Part Five A of the Rules of the Supreme Court for the record on appeal, except as hereinafter provided." Under this statute, the Commonwealth must file its notice of filing transcripts "within three days of the filing of the transcript or written statement of facts or within 14 days of the order of the circuit court, whichever is later."

[9] The Commonwealth filed a motion on May 19, 2023, seeking an extension of the time for filing the transcripts. *See* Code § 19.2-405 (requiring transcripts to be filed no later than 25 days following entry of the order of the [trial] court" unless this Court grants "an extension of up to 45 days" for good cause shown). This Court granted that motion and extended the Commonwealth's filing deadline to July 5, 2023.

[10] "The petition for a pretrial appeal shall be filed with the clerk of the Court of Appeals not more than 14 days after the notice of transcript or written statement of facts required by

And although Rule 5A:8 does contain a section addressing the effects of noncompliance with the requirements for filing a notice of filing transcripts, it does not require, nor even recommend, dismissal of the appeal. Instead, Rule 5A:8(b)(4)(i) provides that "failure to file the notice required by this Rule that materially prejudices an appellee will result in the affected transcripts being stricken from the record on appeal." That section goes on to state that "material prejudice includes preventing the appellee from raising legitimate objections to the contents of the transcript or misleading the appellee about the contents of the record." Rule 5A:8(b)(4)(i). The record establishes no such material prejudice in this case, and appellee has not met his burden of "establishing such prejudice in the brief in opposition . . . ." *Id.*

Therefore, this Court refuses to dismiss this appeal because the Commonwealth's notice of appeal was timely filed, the transcripts themselves were timely filed, and appellee has not alleged material prejudice. Accordingly, this Court now turns to the merits of the Commonwealth's pretrial appeal.

## II. Appellee's Statutory Speedy Trial Rights Not Violated

On this appeal, the Commonwealth contends that the trial court erred in finding that appellee's statutory right to a speedy trial had been violated. Pursuant to Code § 19.2-243, the Commonwealth's speedy trial clock began running on November 16, 2022, when the JDR court found probable cause at appellee's preliminary hearing and certified the case to a grand jury.[11] In subsequently finding a speedy trial violation, the trial court incorrectly attributed all 159 days after the November 16, 2022 preliminary hearing to the Commonwealth. As explained below,

---

§ 19.2-405 is filed . . . ." Code § 19.2-402(B). This Court notes, however, that the Commonwealth filed its petition within 14 days of the time it would have been allotted had it filed the notice of filing transcripts in accordance with Code § 19.2-405.

[11] The period of time between the arrest of the accused and the preliminary hearing has no bearing on the accused's *statutory*, rather than constitutional, speedy trial rights. *See* Code § 19.2-243.

this Court agrees with the Commonwealth's calculation that all but 58 days should have been attributed to appellee and thus tolled the speedy trial clock under Code § 19.2-243.

## A. Standard of Review

An appeal from a statutory speedy trial ruling "presents a mixed question of law and fact." *Brown v. Commonwealth*, 75 Va. App. 388, 404 (2022) (quoting *Young v. Commonwealth*, 297 Va. 443, 450 (2019)). In reviewing such a claim, this Court "gives deference to the trial court's factual findings but reviews legal issues *de novo*, including questions regarding the proper construction of a statute." *Ali v. Commonwealth*, 75 Va. App. 16, 29 (2022). It is the Commonwealth's burden, however, to prove that a specific period of delay "was based on 'one of the reasons enumerated in Code § 19.2-243 or on the accused's waiver, actual or implied, of his right to be tried within the designated period.'" *Wallace v. Commonwealth*, 65 Va. App. 80, 89 (2015) (alterations omitted) (quoting *Powell v. Commonwealth*, 29 Va. App. 745, 748 (1999)). Such justification must appear on the record. *Godfrey v. Commonwealth*, 227 Va. 460, 463 (1984).

## B. The Trial Court Erred in Attributing All Periods of Delay to the Commonwealth

Code § 19.2-243 provides specific time limits "within which an accused must be tried, absent tolling or other statutory exceptions." *Brown*, 75 Va. App. at 406. As applicable here, the statute requires trial to commence for an incarcerated individual within five months from the preliminary hearing at which the district court found probable cause to believe he committed a felony.[12] Code § 19.2-243. That five-month requirement equates to "152 and a fraction days." *Ballance v. Commonwealth*, 21 Va. App. 1, 6 (1995); *see also Randolph v. Commonwealth*, 22

---

[12] The period of time between the arrest of the accused and the preliminary hearing has no bearing on the accused's statutory speedy trial rights under Code § 19.2-243, although it is considered as part of a constitutional speedy trial claim.

Va. App. 334, 335 (1996) (holding that the speedy trial clock begins running the day after the preliminary hearing).

In determining whether the Commonwealth's time to bring an accused to trial has expired, the court must consider not only how many days have elapsed since the preliminary hearing, but also whether any portions of that time are not chargeable against the Commonwealth. Code § 19.2-243 itself lists several non-exclusive circumstances that, if proven by the Commonwealth, will toll the speedy trial clock. *See Wallace*, 65 Va. App. at 88 (holding that the Commonwealth bears the burden of proving that a delay in the commencement of trial is excused by one of the provisions in Code § 19.2-243); *see also Moten v. Commonwealth*, 7 Va. App. 438, 442 (1988) ("[W]hen a defendant asserts that he has been denied a speedy trial the burden is on the Commonwealth to satisfactorily explain the delay."). In other words, periods of delay caused by any of those enumerated circumstances do not count against the Commonwealth's speedy trial deadline.

Pertinent to this appeal is the fourth provision in the statute, which tolls the clock for periods of delay caused by

> continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth . . . .

Code § 19.2-243(4). *See Moten*, 7 Va. App. at 442 ("The exceptions, both express and implied, often look to the defendant's actions that tend to delay the trial."); *Cantwell v. Commonwealth*, 2 Va. App. 606, 610 (1986).

Appellee maintains that he "never waived his statutory right to a speedy trial" because he "never filed a request for a continuance or endorsed an order consenting to a continuance of his trial." But the "accused may stand mute without waiving his rights [only] so long as his actions

do not constitute a concurrency in or necessitate a delay of the trial." *Moten*, 7 Va. App. at 441.

For example, the Supreme Court held in *Stephens v. Commonwealth*, 225 Va. 224, 233-34

(1983), that the defendant was responsible for the delay caused by his filing a motion to suppress

because he put himself in the position of "the moving party in a proceeding which necessitated

the continuance." *Compare id.*, *with Turner v. Commonwealth*, 68 Va. App. 72, 82-83 (2017)

(quoting *Robbs v. Commonwealth*, 252 Va. 433 (1996)) (holding that the Commonwealth had the

burden of showing that defendant's suppression motion and the time taken by the trial court to

rule thereon caused a delay attributable to defendant where nothing in the record showed that the

motion necessitated a slowing of the judicial process or delayed a previously set trial date).

Appellee also argues that prior counsel's erroneous attempt to appeal the JDR court's ruling did

not "absolve the Commonwealth from its responsibility of trying [appellee] within the time

frame required by statute." And that "[t]he fact that there was an intervening hearing and change

of attorney is of no moment" to his speedy trial motion.

Generally, the time between the preliminary hearing and initial trial date "counts against

the Commonwealth for speedy trial purposes." *Palmer v. Commonwealth*, No. 0885-21-1, slip

op. at 11 (Va. Ct. App. Aug. 9, 2022) (citing *Turner*, 68 Va. App. at 79).[13] However, a

"continuance granted on the motion of the accused or his counsel" tolls the statutory speedy trial

clock. Code § 19.2-243.

There are four periods of delay in this case, totaling 159 days:

(1) **58 days** between appellee's preliminary hearing on November 16, 2022, and the first trial date of January 13, 2023;

(2) **14 days** between January 13, 2023, when the first trial date was cancelled, and January 27, 2023, the hearing date set for Ms. Merica's appeal of the JDR court's ruling;

---

[13] Unpublished opinions, although not binding, may be cited as "informative," Rule 5A:1(f), and "considered for their persuasive value," *Smith v. Commonwealth*, 78 Va. App. 371, 383 n.4 (2023) (quoting *Otey v. Commonwealth*, 61 Va. App. 346, 350 n.3 (2012)).

(3) **20 days** between January 27, 2023, when the trial court appointed new counsel for appellee, and February 16, 2023, a "to-be-set date" for the parties to schedule a trial;

(4) **67 days** between the status hearing on February 16, 2023, and the next scheduled trial date of April 24, 2023.

Here, the Commonwealth acknowledges that the first period's 58 days count towards its speedy trial deadline. *See Palmer*, slip op. at 11 (holding that the time between the preliminary hearing and initial trial date generally "counts against the Commonwealth for speedy trial purposes." (citing *Turner*, 68 Va. App. at 79)). The other three, totaling 101 days, are attributable to appellee and thus do not count against the Commonwealth's 152-day speedy trial clock.

The 14-day second period, made for purposes of hearing appellee's erroneous appeal, does not count towards the speedy trial deadline. Similarly, appellee's request for new counsel on January 27, 2023, necessitated the 20-day third period delay, and therefore cannot be attributable to the Commonwealth. Not only was new counsel not present in court when appointed but he also needed time to review the case and prepare for trial. As a result, the trial court scheduled a status hearing date on February 16, 2023, to select a new trial date. *See Palmer*, slip op. at 12 ("[T]his Court has charged to a defendant the delay between appointing new counsel for the defendant and the new trial date." (citing *Ballance*, 21 Va. App. at 6)). Nevertheless, despite notice of this February 16 hearing, neither appellee nor his attorney appeared. To prevent further delay, the court scheduled a bench trial for appellee on April 24, 2023. At no point until he filed the motion to dismiss on April 10, did appellee or his counsel lodge any objections to the April 24 trial date or allege that the trial date would surpass the Commonwealth's speedy trial deadline. *See Moten*, 7 Va. App. at 441 (holding that the "accused may stand mute without waiving his rights [only] so long as his actions do not constitute a concurrency in or necessitate a delay of the trial"). Under these circumstances, this Court finds that this 67-day fourth period is not attributable to the Commonwealth based on appellee's

silence and subsequent motion.  The trial court therefore erred in granting appellee's motion to dismiss.  Accordingly, the trial court's speedy trial ruling must be reversed.

### III.  CONCLUSION

For the foregoing reasons, this Court reverses the ruling of the trial court as it pertains to the felonies only and remands for further proceedings consistent with this opinion.

*Reversed and remanded.*